(1 App. Div. 260.)

GRAFING et al. v. HEILMANN.

(Supreme Court, Appellate Division, Second Department. February 4, 1896.)

1. PRESUMPTIONS—PAYMENT.
    The mere payment of money is not evidence of a loan, but the presumption is that it was in payment of a debt.

2. TRUSTS—DEPOSITS IN SAVINGS BANK.
    A deposit of money in a savings bank, in the depositor's name, in trust for a beneficiary, may create a valid trust, though the deposit is only to

go to the beneficiary on the death of the depositor, the depositor having reserved the interest in the deposit during his life.

3. SAME.

That the beneficiary promised to pay the money so deposited to others, as a condition for the deposit, does not defeat his right to the money, as against the personal representative of the depositor.

Appeal from special term.

Action by Magdalena Grafing and another, as executrices, etc., against Catherine Heilmann. From a judgment dismissing the complaint on its merits, plaintiffs appeal. Affirmed.

Argued before PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Secor & Page, for appellants.

L. S. Goebel, for respondent.

CULLEN, J. At the close of the plaintiffs' case, the defendant submitted the cause on the plaintiffs' evidence. The court made findings of fact and of law. The case is therefore not that of a nonsuit, and it is not a question whether there was any evidence to support the plaintiffs' claim, but whether the decision of the trial court on the facts and law was erroneous. The contest is the not unusual one between the personal representatives of a deceased depositor, and the beneficiary, over funds represented by saving-banks books; the deposits being made by plaintiffs' testator in his name, in trust for the defendant. That such a deposit, even when the bank books are retained, in the absence of attendant circumstances indicating a contrary intent, creates a trust in favor of the beneficiary, is settled by authority. Martin v. Funk, 75 N. Y. 134; Willis v. Smyth, 91 N. Y. 297; Mabie v. Bailey, 95 N. Y. 207. The decision in Cunningham v. Davenport, 147 N. Y. 48, has no application to this controversy, for the beneficiary here has survived the depositor. In this case the attendant acts of the deceased would seem conclusive of his intention to create a trust in favor of the defendant. The deposits were made in April, 1893. The plaintiffs put in evidence a letter of the deceased to defendant, found among the former's papers after his death, directing what disposition she should make of the moneys. In August, 1894, $2,000 was drawn from one account, and given to the defendant. There is no evidence that it was given to her as a loan, or that she promised to repay it. The mere payment of money is not evidence of a loan. The presumption is that it was given in satisfaction of an antecedent debt. 1 Phil. Ev. (Cow. & H. Notes) p. 676. So, in this case, it was a recognition of defendant's title to the money. The fact that the depositor drew the interest during his life is not inconsistent with an intention to create a trust. Willis v. Smyth, supra. I do not know that the appellant seriously denies that the deceased intended the moneys should go to the defendant. Her main contention is that the depositor intended to reserve the interest during his life, and that the money was to go to the defendant only on his death, and that either of these facts would render the attempt to create a trust void. The trial court refused to find either fact in favor of the plaintiffs, but, had the facts been found, in my opinion,

they would not have affected the result. It must first be observed that the case presented is one of a trust, not of a gift. The distinction between the two cases is clearly pointed out by Judge Andrews in Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940. It is therefore not subject to the difficulty that exists in making gifts where the donor retains any possession or interest in the subject-matter of the gift. Young v. Young, 80 N. Y. 438. I can see no reason why the deposit might not have been made by the deceased with the qualification, expressed on the face of the pass book, that the interest was payable to him personally during life, nor why such a deposit would not have been valid and effectual. Nor, if it were the fact that the money was to go to the defendant only on the depositor's death, would that render the transaction a testamentary disposition. It is sufficient that the defendant's interest was vested at the time of the deposit. Van Cott v. Prentice, 104 N. Y. 55, 10 N. E. 257. If, as a condition for this deposit, the defendant promised to pay any sums to others, such parties must seek their own remedies against her. It does not affect her rights to the fund.

The judgment appealed from should be affirmed, with costs. All concur.