(101 App. Div. 456)

### SCHREYER v. SCHREYER et al.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. TRUSTS—POWER OF REVOCATION—VALIDITY.
    Under the express provisions of the real property law (Laws 1896, p. 579, c. 547, §§ 124, 125), an absolute power of revocation reserved by the settlor of a trust does not affect its validity, except as to the settlor's creditors; the settlor being deemed the absolute owner of the estate.

2. SAME—ACT OF REVOCATION.
    Where the rights of third parties were not affected, and no form for revocation of a trust was prescribed by the instrument creating it, an instrument clearly expressing the intention to revoke was sufficient therefor, though not executed as provided by Real Property Law, § 153 (Laws 1896, p. 583, c. 547), declaring that the consent of a person to the execution of a power must be expressed in the instrument by which the power is executed, or in a written certificate executed and acknowledged as a deed.

3. SAME—REVOCATION BY TRUSTEE.
    Where a trustee of an express trust accepted the same on the express reservation and condition that he might resign and surrender the trust at any time he might desire, such provision was valid, and did not affect the validity of the trust.

4. SAME—EXERCISE OF POWER.
    Where a trustee accepted a trust with the express reservation and condition that he might resign, surrender the trust, and convey the property to the settlor at his desire, his subsequent election to exercise such power and his reconveyance of the property to the settlor terminated the trust, and the rights of the cestuis que trust thereunder.

Appeal from Special Term, New York County.

Suit by John Schreyer against John F. Schreyer and others, impleaded with Elizabeth Gibbins and others. From an interlocutory judgment in partition (89 N. Y. Supp. 508), defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William S. Bennett, for appellants.
Alexander Thain, for respondent.

HATCH, J. The sole question involved in this action is the determination of the present ownership of the fee of the premises sought to be partitioned. The appellants claim the fee under a deed of trust executed by their mother, Henrietta E. Gibbins, to one Lowry. The

respondent and those claiming under him contend that this deed of trust.was nullified by reconveyance from Lowry to Mrs. Gibbins, and that the fee came to them from the executor of Mrs. Gibbins. Upon the 8th day of July, 1889, Mrs. Gibbins, then being the owner of the fee of the premises in question, executed a deed of trust to James L. Lowry, his successors and assigns, to manage the property, collect its rents and profits, and pay the same to her during her lifetime, and upon her death to convey the said property to such of her children, in equal shares, as she might leave her surviving. The deed of trust contained the following clause:

"But this trust is granted and accepted with the following reservations, conditions and powers, and the same are considerations moving the creation and acceptance of this trust:

"First. The party of the first part reserves to herself the right and power to revoke and terminate the trust hereby granted, but only by and with the consent of her husband, Austin Gibbins, and the party of the second part on receiving a notice and consent in writing revoking the said trust executed by the party of the first part and her said husband in the same manner as conveyances of real estate are required by law to be executed, will convey the property herein described to any person or persons that may be appointed and designated in said notice and consent and the party of the second part will thereupon be relieved from any further liability under said trust without being obliged to resort to any court or officer or legal proceeding.

"Second. The party of the second part accepts this trust upon the express reservation and condition that he may, if he so desires, at any time hereafter resign and surrender such trust and reconvey the property herein described to the party of the first part and without his being obliged to resort to any court or officer for leave or authority to do so, and without any legal proceeding for that purpose and that such reconveyance and resignation will entirely relieve him from any liability by reason of said trust or for said trust property after the time he resigns the same and reconveys said property."

The deed of trust was executed by Henrietta E. Gibbins and James L. Lowry, and was recorded in the clerk's office of New York county upon the 17th day of July, 1889. When made, the appellants, three in number, were infants under the age of 14 years, and were and are the settlor's only children. Austin Gibbins, the husband of the creator of the trust, died January 6, 1890, without executing any consent for revocation. Thereafter, and prior to the 4th day of August, 1891, Mrs. Gibbins married one Guldenkirch. On that date Lowry, the trustee named in the above deed of trust, executed an instrument wherein, for the consideration of $1 paid to him, he granted and released to Mrs. Guldenkirch the premises conveyed to him in trust. This instrument described the party of the first part as James L. Lowry, trustee for Henrietta E. Gibbins, and is signed by him as "James L. Lowry, Trustee," etc. It was duly acknowledged and recorded on the same day. This instrument contained the following recital:

"Whereas the party of the first part desires to resign and surrender such trust and to reconvey the premises hereinafter described to the party of the second part; and whereas the party of the second part has notified the party of the first part that she has revoked and terminated said trust."

Mrs. Guldenkirch (formerly Mrs. Gibbins) died in 1897. She left a last will, which was probated in May thereafter. By the terms of this

will she gave the bulk of her property in trust to her executor, to pay the rents, issues, and profits therefrom to her three children, and, upon the youngest one coming of age, to transfer the property to them, share and share alike. Her executor was also given a discretionary power of sale. Under this power he executed a conveyance of the real property herein in question upon the 30th day of September, 1897, wherein he conveyed the fee of the premises to this plaintiff in consideration of the payment of $10,000; and thereafter several mortgages were given thereon, and plaintiff conveyed an interest therein to the defendant John F. Schreyer. The three children of Mrs. Gibbins, one of whom is still an infant, contend that the trust created by their mother in the deed of trust to Lowry has never been terminated, and that they are owners of the fee thereunder. The court below held that the reconveyance by Lowry to Mrs. Guldenkirch (formerly Mrs. Gibbins) terminated the trust, and that the appellants now have no interest in the property which the executor of Mrs. Guldenkirch conveyed to this plaintiff.

Among the powers which may be reserved in a deed of trust is that of the right of revocation by the settlor of the trust. In speaking of this question, it was said by Judge Finch:

"But few things are better settled than that the reservation of such a power is entirely consistent with the trust, and does not work its destruction where the rights of creditors are not involved." Von Hesse v. Mackaye, 136 N. Y. 114, 32 N. E. 615.

An abundance of authority supports this view. Van Cott v. Prentice, 104 N. Y. 45, 10 N. E. 257; Brown v. Spohr, 87 App. Div. 522, 84 N. Y. Supp. 995; Perry on Trusts (5th Ed.) § 104. And such is the express provision of section 124 of the real property laws (Laws 1896, p. 579, c. 547). The effect of the absolute power of revocation reserved by the settlor of the trust does not affect its validity, save that as to creditors the settlor is still to be deemed the absolute owner of the estate. Id. § 125. The intention of the grantor of the power is required to be observed, subject to the authority of the Supreme Court to supply a defective execution. Id. § 152. While section 153 of the real property law requires that the consent of a person to the execution of a power must be expressed in the instrument by which the power is executed, or in a written certificate executed and acknowledged in like manner as deeds are required to be executed, yet, where the act of revocation, as between the parties, expresses a clear intention to revoke, and the rights of third persons are in no wise affected, and the trust instrument itself does not provide in particular form how the revocation shall be executed, an instrument which clearly expresses the intention to revoke, and is sufficient to accomplish such a purpose, will be regarded as working such a result, even though it be not executed in the particular form required by the statute. Barnard v. Gantz, 140 N. Y. 249, 35 N. E. 430. The trust deed provided, by explicit provision, for a revocation of the instrument upon two contingencies: One, at the request of the settlor of the trust, with the consent of her husband; the other, by the act of the trustee in determining to renounce the trust and reconvey the property to the settlor. Doubtless the lat-

ter could not revoke the trust without the consent of her husband, and it may be that, as the provision containing the power of revocation recited that such revocation could only be made with the consent of the husband, the power of determination would not pass to her as survivor, pursuant to the provisions of section 154 of the real property law. But however this may be, the settlor had power in the instrument to provide for its revocation in such manner and by such person as she might designate, and, if it be sufficiently definite in form to evince the intent of the settlor to revoke the same in such manner, the courts are required to carry into effect such intention. With the exercise of this power the cestuis que trustent are not concerned. The trustee under the deed took the power in trust to execute, subject to the power of the settlor to revoke the same as she might provide. The cestuis que trustent had no right or interest under the deed, save such as was acquired by the provisions of the instrument, and whatever interest they obtained was represented in the trustee; and the instrument itself was at all times subject to revocation, which, if exercised, defeated any rights which they might have received thereunder. This in no wise affected the validity of the trust deed as to the children. The trust created was perfect in character, and was capable of execution, and, remaining unrevoked, they could have compelled the exercise of the powers contained therein for their benefit; but the interest which they acquired therein was subject at all times to be defeated by the exercise of the reserved power of revocation. It may be an unusual exercise of the power of revocation for the settlor to vest it in the trustee, but we know of no rule which prohibited her from making this provision in the trust deed, and we are not aware that the exercise of such a power violates any statute or the public policy of the law. The settlor had such power; all she did was to provide for its exercise; and, a provision in this respect being lawful and within her power, and she having clearly intended such a result, the courts are required by express provision of the statute to carry such intention into effect. It is quite apparent that, unless this rule obtains, no valid trust was created. By the terms of the trust deed, the trustee was given a power in trust to hold and to convey this property; but he accepted it "upon the express reservation and condition that he may, if he so desires, at any time hereafter resign and surrender such trust and reconvey the property herein described to the party of the first part." This was the condition upon which he accepted the trust, and upon no other; and, if such provision was invalid, then it follows, as a necessary consequence, that no trust was ever created. Among the four essential elements of a valid trust is a designated trustee, who must not be the beneficiary. Such trustee has the right, within the limitations of the law, to make an acceptance of his trusteeship conditional; and such condition, when expressed in the instrument, forms an essential and necessary part of it, and the validity of the trust is dependent thereon. The condition upon which this trust was created authorized the trustee to revoke and renounce his trust and reconvey the property. This was a valid provision, and was as essential a part of the trust provision as any other part of the trust deed. The validity

of the trust depended upon the trustee's right to exercise the power; and, if the power was invalid, then no trust was created. The power, however, being valid, the existence of the trust estate was made dependent upon the power of revocation and renunciation; and, when the trustee exercised it, as he had the right to do, the trust fell to the ground, and the right of the cestuis que trustent was defeated. They lost no legal rights thereby, because their interest was at all times subject to the contingency of the execution of the power of defeasance, and when it was executed all rights under the trust deed ceased. The deed executed by the trustee was in all respects sufficient in form to convey title to the property. It answered every requirement for which the trust deed provided, and clearly carried into effect the intention of the parties. It necessarily follows, therefore, that the executor of Mrs. Guldenkirch acquired good title to the property, and, under the provisions of the will, could convey the same.

The judgment should therefore be affirmed, with costs. All concur.