(76 Misc. Rep. 641.)

JOHNSTON et al. v. SCOTT et al.

(Supreme Court, Special Term, Saratoga County.  May, 1912.)

1. TRUSTS (§ 11*)—VALIDITY—EXPRESS TRUSTS.
    A trust deed by insured in life policies, specifying how plaintiff, as trustee, should apply the proceeds of the insurance, and providing that the trust may be revoked, modified, or changed by the insured, and that in his discretion he may cause the beneficiary in any or all of the policies to be changed during his life, and reciting that he has caused the policies to be made payable to plaintiff, as trustee, with authority, on death of insured, to collect and receipt for the proceeds, is valid.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 9; Dec. Dig. § 11.*]

2. INSURANCE (§ 199*)—ASSIGNMENT—NATURE OF CONTRACT.
    Straight life policies are nonnegotiable choses in action, and are assignable.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 468; Dec. Dig. § 199.*]

3. TRUSTS (§ 59*)—CONSTRUCTION—ESTATE OF TRUSTEE AND BENEFICIARY.
    Where, after the execution of a trust deed by an insured, specifying how plaintiff, as trustee, should apply the proceeds of the insurance, but reserving the right to revoke or modify the trust, or change the beneficiaries, the insured executed a written instrument transferring all the policies to plaintiff, individually, instead of as trustee, the trustee, until the execution of the latter instrument, had a present title, and the beneficiary in each policy a vested interest therein, subject to be divested by the exercise of the insured's power of revocation.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 78–81; Dec. Dig. § 59.*]

4. TRUSTS (§ 134*)—CONSTRUCTION—ESTATE OF TRUSTEE AND BENEFICIARY.
    Where, after the execution of a trust deed by insured, specifying how plaintiff, as trustee, should apply the proceeds of the insurance, but re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

serving the right to revoke or modify the trust, or change the benefici-
aries, the insured executed a written instrument, reciting that he had
caused all the policies to be transferred to plaintiff individually, instead
of as trustee, plaintiff having agreed that the proceeds should be charged
with the same trust, and ratifying such transfers, and surrendering his
right to revoke or modify the trust agreement, a vested interest and
present title during the life of the insured passed to plaintiff.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 177; Dec. Dig.
§ 134.*]

5. TRUSTS (§ 58*)—EXPRESS TRUSTS—PROCEEDS OF INSURANCE.
     The fact that, after the surrender of the right of revocation by insured
of a trust in the proceeds of the policies, there remained in each of the
policies a recital of the power to change the beneficiary, did not invali-
date the trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 77; Dec. Dig.
§ 58.*]

6. TRUSTS (§ 46*)—VALIDITY—STATUTE OF WILLS.
     Insured in life policies did not intend, in making a trust deed and
transfers of insurance policies to the trustee, to avoid the statute of
wills, but simply attempted to direct what use should be made of the
proceeds of the policies after his death.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 69; Dec. Dig. §
46.*]

Action by Russell M. Johnston and others against Anna May Scott
and others for the construction of the provisions of a trust. Order
entered.

James F. Tracey, for plaintiffs.

Edgar T. Brackett, for Anna M. B. Scott, individually and as exec-
utrix of the last will and testament of James L. Scott, deceased.

H. P. Pendrick, guardian ad litem, for Gordon B. Scott.

Frank H. Brown, for Brenton H. Scott, Mary G. Clark, Gordon S.
McCreedy, Charles O. McCreedy, Robert C. McCreedy and Lucy Lee
McCreedy, beneficiaries; also for Frances L. McLean, the Ballston
Refrigerating Storage Co., Edward C. Griffith, and Irving W. Wis-
wall, and Harriette N. McCreedy, guardian ad litem.

Rockwood & McKelvey, for Matilda I. Hatton, a beneficiary.

Hiram C. Todd, for Mrs. Frank Leslie and the Congress Spring
Co.

VAN KIRK, J. This action is brought to have determined: (1)
The validity of an alleged trust; (2) if valid, the construction of cer-
tain provisions thereof; and (3) that the trustee be allowed to ac-
count and resign and have his successor appointed.

In December, 1910, James L. Scott had procured upon his life in
several companies nine life insurance policies, aggregating $95,000.
In some of these policies Russell M. Johnston, as trustee, was named
as beneficiary; in others, the wife, Anna M. B. Scott; and in others,
a son, Gordon B. Scott. In each policy the right was reserved and
given to James L. Scott to change at any time the name of the ben-
eficiary. From time to time the names of the beneficiaries in these
policies have been changed by Mr. Scott, until in December, 1911,

Russell M. Johnston, as an individual, was named as beneficiary in each of the policies, and the further right of Mr. Scott to change the beneficiary was renounced. Each policy is transferred by separate assignment executed in duplicate, one delivered to the assignee and one to the issuing company; also on the back of each policy the name of the new beneficiary is indorsed. On December 31, 1910, Mr. Scott executed two declarations of trust, which I shall call trust deeds, one affecting said policies of insurance to the amount of $62,500, and the other to the amount of $32,500. In each of these deeds Russell M. Johnston was named as the trustee, and each deed specified how the amounts to be collected from the insurance policies, after the death of Mr. Scott, should be applied, held, and used by Mr. Johnston. Each deed contained this clause:

"It is expressly understood and agreed by and between the parties hereto that this agreement may be revoked, modified, or changed by the party of the first part at any time during his life, and that he may, in his discretion, cause the beneficiary or beneficiaries in any or all of said policies to be changed at any time during his lifetime, as he may wish."

Also each deed states that Mr. Scott has caused the policies named to be made payable to Russell M. Johnston as trustee, and that Russell M. Johnston, upon the death of Mr. Scott, is authorized to receive, collect, and receipt for such sums as may be due or become due upon any and all of said policies issued as aforesaid upon the life of the party of the first part. From time to time thereafter Mr. Scott exercised the right of revocation and modification of the said deeds, the last of which, applying to both of the said deeds of December 31, 1910, being under date of December 29, 1911. In this paper he recites:

"I having caused all of said policies aggregating $32,500, and all of the policies aggregating $62,500, to be transferred to said Russell M. Johnston, individually, instead of as trustee, and having assigned to him by absolute assignments all my right, title, and interest in said policies and each and every of them, he having, for value received, agreed that the proceeds thereof shall be charged with the same trust and used as provided in said agreements and the modifications thereof heretofore and hereby made: Now, therefore, I, James L. Scott, do ratify said transfers and assignments, and each and every thereof, and hereby, for value received of said Johnston, as such trustee, do surrender and annul my right to hereafter revoke, modify, or change the said trust agreements and the modifications heretofore and hereby made, or any or either of them, and do consent and agree with said Russell M. Johnston that the transfers to him for the purposes aforesaid be and they are hereby made absolute, irrevocable, and unchangeable forever."

The deeds and assignments were delivered. The trustee accepted the trust and has acted. The insurance companies have recognized his title and have paid over the moneys due upon the several policies. Mr. Scott died on the 9th day of January, 1912, leaving a last will and testament, dated December 8, 1911, which has been duly admitted to probate, names his widow as the sole executrix, and gives his property, substantially share and share alike, to his widow and his son Gordon. Mr. Scott left him surviving his widow and two sons, Gordon B. Scott and Brenton H. Scott. His estate was solvent, and no rights of creditors are involved.

[1] The plaintiffs and the defendants, so far as they have appeared, other than the widow and guardian ad litem for Gordon B. Scott, maintain that the trust is valid. The widow and said guardian have answered, and take the position that the entire trust scheme, in all its several members, is void as an attempt to dispose of the estate of the deceased by deed, instead of by will, as in contravention of the statute of wills, claiming that the proceeds of said policies should go into his estate. This presents the first question to be decided.

A will has no effect whatever until the death of the testator, and conveys no interest prior thereto. An instrument which has effect during the life of the maker and passes some right or interest before death, even though enjoyment is postponed until after death, is not testamentary in character, but is a grant or a contract. A contract, even though to be carried into execution after death only, is valid. An agreement by one party to make a will in favor of another, when the promised bequest cannot take effect until after death, is valid. Matter of Diez, 50 N. Y. 88; Gilman v. McArdle, 99 N. Y. 451, 2 N. E. 464, 52 Am. Rep. 41. Under the established rules, if, by a transaction, whether it be evidenced in one instrument, or in an instrument in writing accompanied by a separate transfer of property therein mentioned, a trust takes effect immediately upon delivery and in the life of the settlor of the trust, and by it present rights accrue, it is valid, even though the enjoyment be postponed until after death; while, if the instrument does not take effect until after death, it is testamentary in character, and must be executed with all the formalities required by statute in the execution of wills. Hirsh v. Auer, 146 N. Y. 13, 40 N. E. 397; Robb v. Washington & J. College, 185 N. Y. 485, 78 N. E. 359; Grafing v. Heilmann, 1 App. Div. 260, 37 N. Y. Supp. 253.

The fact that a deed of trust contains full power of revocation does not render the instrument testamentary or the trust invalid. Van Cott v. Prentice, 104 N. Y. 45, 10 N. E. 257; Schreyer v. Schreyer, 101 App. Div. 460, 91 N. Y. Supp. 1065, affirmed 182 N. Y. 555, 75 N. E. 1134; Robb v. Washington & J. College, supra. A valid trust may exist, continue, and be terminated at the will and pleasure of the settlor. Van Cott v. Prentice, supra, 104 N. Y. 55, 10 N. E. 257. A trust of personalty is not within the statute of uses and trusts, and may be created for any purpose not forbidden by law. Hirsh v. Auer, 146 N. Y. 19, 40 N. E. 397; Gilman v. McArdle, 99 N. Y. 451, 2 N. E. 464, 52 Am. Rep. 41. The fact that the trust was voluntary and without consideration is no objection to it, if in fact it was fully and completely constituted. Id. All the transactions, the insurance papers, the assignments thereof, and the trust deeds are to be considered together; each being a part of the complete transaction. Van Cott v. Prentice, supra, 104 N. Y. 55, 10 N. E. 257.

In my judgment the trust is valid. The moneys involved in the trust were to be derived solely from the insurance policies payable

upon the death of Mr. Scott. The proceeds of the policies could not be enjoyed by any one until the death of Mr. Scott.

[2] Life insurance policies are not testamentary papers; where "straight life policies," they are payable at death, and are valid contracts; they are nonnegotiable choses in action, and are assignable. 25 Cyc. 764; Cuyler v. Wallace, 183 N. Y. 292, 76 N. E. 1, 5 Ann. Cas. 407; New York Mut. Life Ins. Co. v. Armstrong, 117 U. S. 591, 6 Sup. Ct. 877, 29 L. Ed. 997.

[3] Until the execution of the deeds of December 29, 1911, the trustee had a present title, and the beneficiary had a vested interest, subject to be divested by exercise of the power of revocation. New York Life Ins. & T. Co. v. Cary, 191 N. Y. 39, 85 N. E. 598. With the exercise of this power the beneficiaries are not concerned. Schreyer v. Schreyer, supra, 101 App. Div. 461, 91 N. Y. Supp. 1065.

[4] Upon the execution and delivery of the assignments of December, 1911, the indorsements of the name of the beneficiary on the backs of the policies, and the execution and delivery of the deed of December 29, 1911, in which the power of revocation was surrendered and renounced, a vested interest and present title during the life of the settlor went to Russell M. Johnston. New York Life Ins. & T. Co. v. Cary, supra, 191 N. Y. 38, 39, 85 N. E. 598.

[5] The fact that, after the surrender of the right of revocation had been included in the deed, there remained in the policy a recital of the power to change the beneficiaries, did not invalidate the trust. Robb v. Washington & J. College, supra; Schreyer v. Schreyer, supra. We are not called upon to consider what the result would have been, had Mr. Scott, in disregard of this deed, attempted to change the name of the beneficiaries in the policies. He made no such attempt, and no third party is here as beneficiary or creditor. The property is personal; the declaration of the trust by the settlor impressed it with a trust character, and converted his legal title to that of trustee for the person for whose benefit the trust was created. That the trust created was not to take effect in possession and enjoyment until the death of the settlor was because of the nature and source of the property and the terms of the deed, not because the deed or transaction was testamentary in character. Robb v. Washington & J. College, supra, 185 N. Y. 492, 493, 78 N. E. 359.

We have present each of the four essential elements of a valid trust of personal property:

"(1) A designated beneficiary; (2) a designated trustee, who must not be the beneficiary; (3) a fund or other property sufficiently designated or identified to enable the title thereto to pass to the trustee; and (4) the actual delivery of the fund or other property, or of a legal assignment thereof to the trustee, with the intention of passing legal title thereto to him as trustee." Brown v. Spohr, 180 N. Y. 201, 209, 73 N. E. 14, 16.

It is urged by Mrs. Scott that the policies are like certificates in fraternal benefit societies, because the beneficiary can at any time be changed, and therefore the policies are not choses in action. There

are essential differences between the two. In the case of fraternal societies the contract is not alone in the certificate, but is contained in the statute, the charter, the by-laws, the application, and the certificate of membership together. The member is subject to all the rules of the .order. Shipman v. Protected Home Circle, 174 N. Y. 409, 67 N. E. 83, 63 L. R. A. 347. It has been held that the right acquired by the member in such society does not amount to a chose in action. He has no right which is assignable. Sabin v. Phinney, 134 N. Y. 428, 31 N. E. 1087, 30 Am. St. Rep. 681. But in this case the Scott policies contain the entire contract; under each of them the assured has an assignable interest, a property right; the policies have a stipulated value; the company is bound to pay the amounts due, and the assured can name the beneficiary, and can assign the policies to creditors, who can enforce their rights. The assured is a creditor. The policies are, therefore, not like certificates of membership in fraternal organizations, but are valuable contracts, and are assignable and transferable. Lauterbach v. New York Investment Co., 62 Misc. Rep. 561, 117 N. Y. Supp. 152. Since December 29, 1911, at least, Russell M. Johnston has had the sole right to collect the proceeds of the policies and to dispose of the same under the trust. The purpose and the intent of the settlor in making the deeds and transfers are important matters to consider in passing upon the validity of the trust. Robb v. Washington & J. College, 103 App. Div. 349, 93 N. Y. Supp. 92.

[6] Under all the circumstances of the case I must find that, in making the trust deeds and the transfers of the insurance policies, Mr. Scott did not purpose or intend to avoid the statute of wills. We cannot justly infer, when a man takes out a "straight life policy" payable to his wife, his child, or another, that he intends to avoid the statute of wills. Each of these insurance policies in question, during its entire life, was payable to a beneficiary, other than the assured, of his estate. Their proceeds therefore, upon the assured's death, intestate, at any time after their issue, disregarding his trust deeds, would have never come into his estate. They would have gone direct to the beneficiaries. Though he might have named his executors as the beneficiaries, he has not done so at any time. Where insurance is payable to the assured, or to his executors, administrators, or assigns, the proceeds are subject to appraisal for the purpose of taxation under the collateral inheritance tax. Matter of Knoedler, 140 N. Y. 377, 35 N. E. 601. But where payable to an individual other than himself or his executors, administrators, or assigns, the proceeds are not a part of his estate. Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464. So that, by making the trust deeds, Mr. Scott has not disposed of any property which otherwise would have gone into his estate after his decease. He has simply attempted to direct what use should be made of the proceeds of these policies after his death, and has not attempted to dispose by deed of any property which under the existing facts was disposable by will. W. C. Bank v. Hume, 128 U. S. 195, 9 Sup. Ct. 41, 32 L. Ed. 370.

The transactions above referred to being attacked upon no other ground than that they amount to an attempt to defeat the statute of wills, I hold that the two trusts created by James L. Scott are valid.

Ordered accordingly.