DOCTOR et al. v. HUGHES et al.

(Supreme Court, Special Term, New York County.   July 21, 1915.)

1. DEEDS ⬡133—CONSTRUCTION—REMAINDERS.

Where a deed of trust, conveying realty to a trustee, with directions to pay mortgages and charges, and to pay to the grantor $1,500 yearly during his natural life, provided also that, if the trustee's power of sale was exercised, the balance of the proceeds after payment of the incumbrances should be held subject to the trust to pay an amount to the grantor for his support during his life, and upon his decease to transfer the property to his heirs at law, such limitation over after the death of the grantor was equivalent to a remainder to his heirs, the direction to the trustee to pay over being merely a channel of conveyance, and such limitation created an alienable vested remainder in the children of the grantor in esse at the time of the declaration of trust, subject to open up and let in after-born children, and to be divested as to any child in esse by its death before that of the grantor.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 368–371; Dec. Dig. ⬡133.]

2. DEEDS ⬡133—REMAINDERS—EFFECT OF UNEXECUTED POWER OF APPOINTMENT—STATUTE.

At common law and by Real Property Law (Consol. Laws, c. 50) § 41, providing that the existence of an unexecuted power of appointment does not prevent the vesting of a future estate limited in default of the execution of the power, the existence of an unexecuted power of appointment will have no effect upon remainders limited to take effect in default of the exercise of such power, which will vest, subject to be divested by the appointment, if made.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 368–371; Dec. Dig. ⬡133.]

3. DEEDS ⬡133—TRUST AS REMAINDER—EFFECT OF POWER OF REVOCATION.

Where there was a conveyance of realty in trust to pay an annual sum to the grantor, and upon his death to convey to his heirs, the trust being subject to revocation by reconveyance to the grantor, the remainders to the grantor's children in esse at the time of the conveyance vested in them, subject to be divested by their death, or by the birth of other children to the grantor before his death, or by a revocation of the trust by the trustee, and were alienable, subject to such contingencies.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 368–371; Dec. Dig. ⬡133.]

Action by Augusta Doctor and others against Augustus S. Hughes and others. Defendant Augustus S. Hughes moves for judgment on the pleadings. Motion denied.

Mark G. Holstein, of New York City, for plaintiffs.

Wing & Russell, of New York City, for defendant Augustus S. Hughes.

James Frank, of New York City, trustee in bankruptcy of Elizabeth L. Hughes.

Charles C. Nadal, of New York City, for defendant Bassford.

PAGE, J.   The defendant Elizabeth L. Hughes assigned her interest in a certain deed of trust to her husband, Augustus S. Hughes. This is an action by creditors of Augustus S. Hughes to have the said interest applied to the payment of his debts. The question to be de-

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

termined upon this motion by Augustus S. Hughes for judgment on the pleadings dismissing the complaint is whether Elizabeth L. Hughes had an alienable and assignable interest in the said deed of trust.

Elizabeth L. Hughes and one Sarah E. Techt are daughters of one James Hannigan, the grantor of the deed, and if he should now die leaving them surviving they would be his sole heirs at law and next of kin. The said Hannigan conveyed a piece of real estate to one Abram Bassford, in trust "to receive the rents, issues, and profits of said premises, and, after paying the insurance, taxes, assessments, repairs, improvements, and commissions at the rate of 5 per cent. per annum, to pay as follows." There follow directions to the trustee to pay certain specific mortgages and charges upon the property and then:

"Third. To pay to the said party of the first part [the grantor] for and during his natural life the sum of fifteen hundred dollars yearly in twelve equal monthly installments of one hundred and twenty-five dollars each, or, in lieu thereof, to pay the support and maintenance of the said party of the first part, not, however, to exceed the said yearly sum of fifteen hundred dollars, unless, in the discretion of the said party of the second part, he shall deem it most for the benefit of the said party of the first part to exceed said sum of fifteen hundred dollars.

"Fourth. This conveyance is upon the further trust that the said party of the second part is authorized and empowered to mortgage the said premises for such an amount, and for such time, and upon such terms as he shall deem best for the purposes of paying off the said mortgages now upon said premises and to carry into effect the other, provisions herein contained. And also the said party of the second part is hereby authorized and empowered to sell and convey said premises, at such time and for such amount as he shall deem best and to make good and sufficient conveyance to the purchaser thereof. The avails arising on such sale shall be used and applied to and for the uses and purposes of the trusts herein created."

The deed then provides:

"Fifth. Upon the decease of the said party of the first part, the said party of the second part shall convey the said premises (if not sold) to the heirs at law of the party of the first part. In case, however, the said premises shall have been sold, as herein provided, then the balance of the avails of sale remaining unexpended shall be paid to the heirs at law of the said party of the first part.

"Sixth. It is, however, understood and this conveyance is on the express understanding that if at any time the said party of the second part [the trustee] desires to relinquish the trust hereby created, and to be released therefrom, he may reconvey said premises to said party of the first part, or he may appoint another trustee or trustees in his place and stead, and thereupon such new trustee or trustees on acceptance of the said trust in writing shall succeed to and be bound by all the provisions herein contained. ⁂ * * "

The deed creates certain trusts and powers in trust in the trustee for the purpose of discharging liens on the real property, and gives him a discretionary power of sale for the purpose of converting the property into personalty. It provides, however, that if the power of sale is exercised the balance of the proceeds of sale after the payment of the specified incumbrances shall be held subject to the same trusts, namely, to pay a discretionary amount of the income therefrom to the grantor for his support and maintenance during his life, and upon his decease to transfer the property to the heirs at law of the grantor.

[1] This limitation over after the death of the grantor is equivalent to a remainder to his heirs at law; the direction to the trustee to pay over or convey being merely a channel of conveyance. If standing alone, this provision would undoubtedly create a vested remainder in Elizabeth L. Hughes and Sarah E. Techt jointly as children of the grantor, subject to open up and let in after-born children of the grantor, and to be divested as to either by her death before the death of the grantor (Moore v. Littel, 41 N. Y. 66), and their interest would be alienable and assignable. What is the effect upon the limitations in the deed of the "Sixth" clause quoted above, giving the trustee the right to relinquish the trust and be released from its duties and obligations by a reconveyance of the property to the grantor? Such a power of revocation vested in a trustee has been sustained by the Court of Appeals in the case of Schreyer v. Schreyer, 101 App. Div. 456, 91 N. Y. Supp. 1065, affirmed on opinion below 182 N. Y. 555, 75 N. E. 1134, in which it was held that a reconveyance of the trust property pursuant thereto terminated the trust for all purposes. I am unable to find a reported case in which the effect of such a power of revocation upon the remainders created by a deed or devise has been adjudicated.

[2] It is well settled that the existence of an unexecuted power of appointment will have no effect upon remainders limited to take effect in default of the exercise of such power, and such remainders will vest subject to be divested by the appointment, if made. This was true both at common law and under the Consolidated Laws. Root v. Stuyvesant, 18 Wend. 257; Matter of Haggerty, 128 App. Div. 479, 112 N. Y. Supp. 1017; Real Property Law, § 41. A power of revocation, while not identical for all purposes with a power of appointment, would have the same effect upon the ulterior limitations, namely, to cut them off completely by a conveyance of the property to some other person.

[3] I am unable, therefore, to find a distinguishing ground between the two, and am of the opinion that the remainders in the case at bar vested in the two daughters of the grantor, subject to be divested by their death, or by the birth of other children before his death, and to be divested by a revocation of the trust by the trustee. Subject to these contingencies the remainders are clearly alienable. The interest of Elizabeth L. Hughes, therefore, passed, subject to the aforesaid contingencies, to Augustus S. Hughes, and may be reached by his creditors.

The motion of the defendant Augustus S. Hughes for judgment on the pleadings is denied, with $10 costs.