EDITH W. BAYREUTHER, Respondent, *v.* JOEL E. REINISCH, Known as JOSEPH E. REINISCH, and AMANDA REINISCH, Appellants.*

First Department, May 8, 1942.

---

* Revg. 176 Misc. 547.

William A. Smith, for the appellants.

Winfred C. Allen of counsel [Salter & Steinkamp, attorneys], for the respondent.

DORE, J. The issue on this appeal is whether an oral agreement irrevocably designating plaintiff sole beneficiary of an employee's interest at his death in the New York City Employees' Retirement Fund is enforcible against beneficiaries designated in writing by the employee. Plaintiff, alleged oral designee, is not related by blood or marriage to the deceased employee. Defendants, the beneficiaries designated in writing, are the employee's brother and sister-in-law.

The first cause of action alleges that prior to September 1, 1938, plaintiff at the request of Richard A. Reinisch, the employee, rendered services in administering to him at least twice daily injections of insulin necessary to preserve his life; that shortly prior to said date he agreed that for such services rendered and to be rendered, he would, if his wife predeceased him, designate plaintiff sole beneficiary of whatever sums remained to his credit at his death as a member of the New York City Employees' Retirement System; that thereafter plaintiff continued to render such services until March, 1940, when Reinisch moved away; that after he retired on September 1, 1938, he first designated his wife as beneficiary and when she died, February 24, 1940, he designated plaintiff as beneficiary of seventy-five per cent of such money and defendant Joseph E. Reinisch, his brother, beneficiary of the remaining twenty-five per cent; that on April 8, 1940, in alleged violation of the oral contract, the employee made a written designation of defendants, his brother and his sister-in-law, as beneficiaries of the fund; and that when the employee died on October 14, 1940, defendants filed a claim for the balance of the fund amounting to $11,465.51. Plaintiff asked for judgment canceling the written designation of defendants, enjoining the board of estimate from paying defendants, and directing that payment in full be made to her.

On the ground that the complaint failed to state facts sufficient to constitute a cause of action and that the agreement pleaded was unenforcible under the provisions of the Statute of Frauds, defendants moved to dismiss the first cause of action based upon the oral agreement and also a second cause of action alleging that the written designation of defendants was procured by duress. Special Term granted defendants' motion to dismiss the second cause of action and plaintiff does not appeal; but the court denied the motion to dismiss the first cause of action. Defendants appeal.

It was stipulated that the contract alleged by plaintiff was purely oral; and that the fund has been deposited into court by the trustees of the retirement system. The remaining issues relate to the claimed right of plaintiff, as alleged oral designee, against the individual defendants.

Defendants contend that the alleged oral contract is unenforcible under section 31 of the Personal Property Law, as amended in 1933, under subdivision 1 thereof, as a contract the performance of which by its terms is not to be completed before the end of a lifetime, and under subdivision 7, as a contract to bequeath property or to make a testamentary provision of any kind. Both these amendments were in effect at the time when the alleged oral contract was made. Special Term held that a change of beneficiary of a life insurance policy or pension is not the making of a testamentary provision, citing *Johnston* v. *Scott* (76 Misc. 641) and 68 C. J. (§ 249). The court also construed the language of subdivision 1 as relating only to a promise that could not be performed within the lifetime of the promisor and so held the first cause of action good. *Johnston* v. *Scott* (76 Misc. 641) and the cases cited under the section of Corpus Juris relied on are not controlling or relevant as they relate to written and not oral designations. Decisions made prior to the amendments of 1933 are not controlling. Cases relating to written change of beneficiaries of life insurance policies or pensions are not relevant, nor are cases relating to deeds of trust or so-called Totten trusts applicable. In all such cases there are writings by the promisor. Since 1933 oral contracts to establish trusts are also void. (Pers. Prop. Law, § 31, subd. 8.)

Assuming without deciding that the oral agreement claimed herein did not constitute a promise to bequeath property or make a testamentary disposition in contravention of subdivision 7 of section 31 of the Personal Property Law, we hold the alleged oral promise void under subdivision 1 of section 31, as its performance was " not to be completed before the end of a lifetime."

In *Matter of Goldberg* (275 N. Y. 186) an oral agreement to make a will in consideration of marriage was held unenforcible under

section 35 of the Decedent Estate Law and section 31 of the Personal Property Law. Section 35 provides that if after making a will the testator marries and the husband or wife survives the testator, the will is deemed revoked as to the survivor unless provision is made for such survivor " by an antenuptial agreement in writing." In that case an alleged oral ante-nuptial agreement was held void. The court's reasoning is persuasive here. The court ruled that the agreement was valuable to the claimant only because of the moving consideration, viz., the restraint which the promisor impliedly put upon himself not to revoke the will; that there could not be part performance of such a contract, and accordingly that the will was revoked by the subsequent marriage and the widow entitled to her distributive share of the estate which was larger than the amount agreed to be bequeathed and given by the will made before the marriage. Here the alleged oral agreement was also valuable to the claimant only because of the restraint which the promisor impliedly put upon himself not only to make plaintiff sole designee but not to revoke such designation before his death. There was no act by the promisor complete in itself and constituting performance of the oral contract claimed or the release of rights or obligations under the precise terms of such contract having effect *in præsenti*. Under the decisions nothing short of full performance by both parties will take such a contract out of the operation of the statute. (*Tyler* v. *Windels*, 186 App. Div. 698, 700; affd., 227 N. Y. 589; *Deutsch* v. *Textile Waste Merchandising Co.*, 212 App. Div. 681; *Wahl* v. *Barnum*, 116 N. Y. 87, 98.) The Legislature has expressly provided with respect to contracts for the sale of goods within the statute (Pers. Prop. Law, § 85) the acts of part performance that would render such contracts enforcible.

The amendments of 1933 were enacted to prevent the assertion of oral claims against funds of deceased persons after their death when the person alleged to have made the oral agreement is no longer able to make denial. Except where constrained by prior controlling decisions, we think we should not be astute to construe this statute so as to validate such purely oral agreements. On the facts at bar there is no controlling decision. If the Legislature intended that the end of a lifetime as used in the statute meant the lifetime of the promisor, as held by the Special Term, or any other particular lifetime, it would have been easy to say so. The language of the statute is not ambiguous; it should be given its ordinary meaning, and the court itself, where its meaning is definite, may not go elsewhere in search of conjecture to restrict or extend it. (*Wiley* v. *Solvay Process Co.*, 215 N. Y. 584, 588; *Tompkins* v. *Hunter*, 149 id. 117, 123.) Performance of the oral promise herein

alleged obviously could not be completed before the end of a lifetime. If the promisor's wife survived or if the promisor withdrew the whole balance of the fund, plaintiff admits there would be no obligation. She sues only for the balance. Indeed, as above indicated, the oral promise herein alleged could not be fully performed before the end of the promisor's lifetime.

The amendments of section 31 made in 1933 evince the settled public policy of the State to outlaw this type of oral claim, and the pension funds of city employees should sedulously be protected accordingly. The statute " should not be defeated by judicial construction or frittered away by exceptions." (*Matter of Whitney*, 153 N. Y. 259, 264.)

The order, so far as appealed from, should be reversed, with twenty dollars costs and disbursements, and the complaint dismissed.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and the complaint dismissed.