In the Matter of the Accounting of SYRACUSE TRUST COMPANY, as Trustee under the Will of FRANK E. WADE, Deceased, Respondent. MARGARET S. WADE et al., Appellants.

Argued November 12, 1946; decided February 28, 1947.

*James N. Vaughan* for Margaret S. Wade, appellant. I. The agreement to " reduce " the $500,000 trust under article seventh of the will to $400,000 was void as against public policy. (*Matter of Wentworth,* 190 App. Div. 829, 230 N. Y. 176; Personal Property Law, § 15; Real Property Law, §§ 103, 105; *Genet* v. *Hunt,* 113 N. Y. 158; *Wood* v. *Wood,* 5 Paige 596; *Matter of Kistler,* 167 Misc. 528; *Dale* v. *Guaranty Trust Co.,* 168 App. Div. 601; *Stringer* v. *Young,* 191 N. Y. 157; *Matter of Sullard,* 247 App. Div. 761; *Matter of Renn,* 177 Misc. 195; *Seely* v. *Fletcher,* 63 Misc. 448; *Douglas* v. *Cruger,* 80 N. Y. 15; *Cuthbert* v. *Chauvet,* 136 N. Y. 326.) II. Investment in 1937 in railroad bonds which did not meet the test contained in subdivision 7 of section 235 (formerly § 239) of the Banking Law were investments in nonlegal securities notwithstanding the fact that such bonds could and did meet the test contained in subdivision 7-a of that law as it existed in 1937. (L. 1938, chs. 352, 356; *Hassett* v. *Welch,* 303 U. S. 303; *Baldwin* v. *Standard Accident Ins. Co.,* 144 Misc. 53, 237 App. Div. 334, 262 N. Y. 575; *People ex rel. Sheldon* v. *Board of Appeals,* 234 N. Y. 484; *People ex rel. West F. I. Co.* v. *Davenport,* 91 N. Y. 574.) III. The allowances awarded in the Surrogate's Court to the referee and special guardian were excessive.

*Raymond O. Campbell,* special guardian, appellant. I. Neither the parties nor the court could lawfully reduce the corpus of the trust from $500,000 to $400,000. (*Matter of Lyons,* 271 N. Y. 204; *Dreyer* v. *Reisman,* 202 N. Y. 476; *Matter of Kistler,* 167 Misc. 528.) II. The allowances to the referee and special guardian were entirely warranted and proper.

*Francis P. Maloney, Willis H. Michell* and *Gustav P. Blaustein* for respondent. I. The 1937 decree of the Surrogate's Court was conclusive on all the parties herein and may not be the subject of collateral attack. (*Herring* v. *N. Y. L. E. & W. R. R. Co.,* 105 N. Y. 340; *Crouse* v. *McVickar,* 207 N. Y. 213; *Mater of Malloy,* 278 N. Y. 429; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Vogel* v. *Edwards,* 283 N. Y. 118.) II. The agreement of all interested parties, followed by the 1937 decree made in conformity therewith, was not in contravention of Personal Property Law, section 15, or Real Property Law, sections 103, 105, and void as against public policy

as constituting a partial destruction of 'the trust. (*Matter of Rogers,* 153 N. Y. 316; *Matter of Kohler,* 231 N. Y. 353; *Matter of Rutherfurd,* 196 N. Y. 311; *Matter of Stanfield,* 135 N. Y. 292; *Wheeler* v. *Ruthven,* 74 N. Y. 428; *Matter of Lindgren,* 293 N. Y. 18; *Matter of O'Keeffe,* 167 Misc. 148.) III. All railroad securities involved were "legals" and the appellants having stipulated that the trustee was not negligent in the acquisition, retention or disposition if such securities were "legals", the objections thereto cannot be sustained. (*Mills* v. *Bluestein,* 275 N. Y. 317; *Matter of Smith,* 279 N. Y. 479.)

*Per Curiam.* Though the compromise agreement of January 7, 1937, was made in violation of section 15 of the Personal Property Law and section 103 of the Real Property Law, the Surrogate's decree of January 14, 1937, approving that agreement was nevertheless a conclusive adjudication of the validity thereof. The decree of January 14, 1937, was consented to by all parties in interest and no appeal therefrom was ever taken. Hence that decree was not open to the collateral attack that was made upon it by the appellants in this independent proceeding. (See *Crouse* v. *McVickar,* 207 N. Y. 213, 217; *Schacht* v. *Schacht,* 295 N. Y. 439; 1 Freeman on Judgments [5th ed.], § 357.) *Douglas* v. *Cruger* (80 N. Y. 15) is not authority for a contrary view. The determination that was under attack in the *Douglas* case was an order which had none of the attributes of a final adjudication. The relevant distinction is pointed out in *Bannon* v. *Bannon* (270 N. Y. 484). (See 2 Freeman on Judgments [5th ed.], § 667.)

We think the Appellate Division was right in its refusal to surcharge the trustee for the losses that resulted from the acquisition or retention of the railroad bonds in question.

The challenge to the allowances that were awarded to the referee and to the special guardian does not present any question of law.

The order should be affirmed, with costs to the respondent, payable out of the estate.

LOUGHRAN, Ch. J., CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur; LEWIS, J., taking no part.

Order affirmed.