■ CARRIE WASHINGTON, Respondent, v. HAROLD POTTINGER, as General Guardian of NEVILLE POTTINGER, an Infant, et al., Appellants, et al., Defendants. — In an action (a) to recover the proceeds of two insurance policies on the life of one Aubrey Oliver, now deceased, and to recover the proceeds of the decedent's share in a union pension fund, and (b) for a declaration that such proceeds constitute a trust for the benefit of the plaintiff, the individual defendants appeal from an order of the Supreme Court, Queens County, dated October 17, 1961, which denied their motion for summary judgment dismissing the second amended complaint (Rules Civ. Prac., rule 113). Order reversed, without costs; motion granted and complaint dismissed. It appears that decedent's wife, who predeceased him, was the designated beneficiary of the two insurance policies on his life and of his share in the pension fund. In March, 1958, following his wife's death, decedent changed the beneficiary to the infant defendant. Decedent died on December 11, 1959. Thereupon, defendant Harold Pottinger, who had been appointed general guardian of the infant, collected the insurance and pension fund proceeds; and, pursuant to a decree of the Surrogate's Court, Queens County, deposited in his fiduciary capacity, such proceeds with the defendant Equitable Savings & Loan Association, subject to withdrawal on behalf of the infant by court order. In her second amended complaint, the plaintiff, who was decedent's mother-in-law (his deceased wife's mother), alleged: (a) that she was the named beneficiary of the decedent's assets; (b) that decedent had orally promised to designate her as the beneficiary of his life insurance policies and of his share of the union fund; and (c) that while decedent was in his final illness, during which he lapsed into comas and suffered periods of unconsciousness, the individual defendants, under circumstances amounting to fraud and duress, coerced the decedent to designate the infant defendant as his beneficiary. After service of their answer denying the material allegations of such complaint, defendants moved to dismiss the complaint and for summary judgment on the ground that the documentary evidence, consisting of photostatic copies of the policies, negated plaintiff's claim that she was the named beneficiary in such policies; and, hence, such evidence was sufficient to defeat plaintiff's alleged cause of action. In view of the fact that plaintiff's allegation, that she was named beneficiary of the decedent's assets, is contradicted by the documentary evidence, no triable issue of fact is presented. Since the alleged promise by the decedent was oral, it is not enforcible (Personal Property Law, § 31, subd. 1; Bayreuther v. Reinisch, 264 App. Div. 138, affd.

290 N. Y. 553; *Coler* v. *Coler*, 271 App. Div. 877, affd. 297 N. Y. 488). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.