EDWARD C. M. KEMP et al., as Trustees under a Trust Made by MARGARET K. BUCHANAN, et al., Respondents, v. MARGARET R. J. PATERSON et al., Infants, by Milton Pollack, Their Guardian ad Litem, Appellants; MARGARET J. E. J. PATERSON, Respondent, et al., Defendants.

First Department, June 11, 1957.

*Milton Pollack* of counsel (*Joseph A. Doran* and *Irving K. Rubin* with him on the brief), for appellants.

*George J. Schaefer* of counsel (*Dana R. Koons* with him on the brief; *Spencer, Ordway & Wierum,* attorneys), for Edward C. M. Kemp and others, respondents.

*Donald Vail* of counsel (*McCanliss & Early,* attorneys), for Margaret J. E. J. Paterson, respondent.

VALENTE, J.  The guardian ad litem for the infant remaindermen of an express *inter vivos* trust appeals from a judgment of Special Term authorizing the trustees to terminate the trust and to pay over the entire principal to the life beneficiary.

On April 2, 1934, one Margaret Buchanan, a resident of Scotland and married to a British subject, executed the deed of trust while on a visit to this city.  She designated as trustees her mother and stepfather.  The latter, Edward C. Mears Kemp, still continues as a trustee and is a plaintiff in this action.  The coplaintiff is the successor trustee appointed for the settlor's deceased mother.

The trust deed provides for the payment of the income, during the life of the settlor, to her mother, Mrs. Kemp, and on her death to Mr. Kemp.  There is a further provision that in the event of the demise of the settlor before her mother and Mr. Kemp, then the income is to continue to be paid to them until the settlor's daughter, Margaret, becomes 21 years of age.  Thereafter the income is to be paid to Margaret for her

life. Upon her, Margaret's, death, the corpus of the trust is to be transferred to her issue then living, and if there be no issue, then to other designated persons.

The settlor's mother died in 1940 and Margaret became 21 years of age in 1950 and has been the recipient of the income of the trust since that time. She is presently known as Margaret Jane Elizabeth Jardine Paterson, a British subject, and resides with her husband in Scotland. They have two children under 14 years of age who are represented by the guardian ad litem in this action.

The provision of the agreement of trust which gave rise to the instant suit reads as follows: " 3. When said Margaret Jane Elizabeth Buchanan reaches the age of twenty-one years, if the said Grantor be then dead, then to pay over to said Margaret Jane Elizabeth Buchanan all of the net income annually during the rest of her life and so much of the principal sums of this trust from time to time as the Trustees may deem for the best interest of said Margaret Jane Elizabeth Buchanan."

Pursuant to this provision the trustees decided to exercise their power to distribute all of the principal of the trust to Mrs. Margaret Paterson, the life beneficiary. Having expressed her approval, this action was brought by the trustees seeking a judgment authorizing the termination of the trust and the payment of the entire principal to Margaret.

After a trial in Special Term, it was held that the trustees have the unequivocal power to pay over the corpus of the trust in their absolute discretion whenever they deemed it for the best interests of the beneficiary, and that no limitations were imposed by the trust deed. Having found that the trustees were acting honestly and in good faith, Special Term concluded that there was no basis for interfering with the exercise of the trustees' discretion.

We do not agree with the conclusions of the learned trial court. We hold that, the unquestionable good faith and honesty of the trustees apart, the purported exercise of power by the trustees is not consonant with the purposes of the trust and is an unwarranted departure from the dispositive provisions of the deed and trust.

There is no specific power granted to the trustees to revoke the trust as there was in *Schreyer* v. *Schreyer* (101 App. Div. 456, affd. 182 N. Y. 555), nor are the trustees given the power to invade the principal by paying over the whole or any part thereof to the beneficiary as in *Matter of Ahrens* (193 Misc. 844, mod. 275 App. Div. 588, order of Appellate Division revd. and decree of Surrogate's Court affd. 301 N. Y. 701) and *Matter of*

*Perkins* (245 N. Y. 478). There is a clear distinction between the powers granted in those cases and the powers granted in the instant trust deed.

Here the power is to transfer so much of the principal sums of the trust from time to time as the trustees may deem for the " best interest " of the beneficiary. The trustees have concluded that it will be for the " best interest " of the beneficiary to terminate the trust so that she may utilize the funds for the better support and education of her children, so that she may obtain certain income tax advantages and so that she may transfer a portion of the property to the natural objects of her bounty, free of estate taxes.

While undoubtedly, in a sense, these purposes will serve the beneficiary's " best interest ", the latter words must be interpreted not in the broadest meaning but in a manner which is consistent with the trust deed. Her " best interest " must be judged within the framework of the status bestowed upon her by the settlor, the status of a life beneficiary, not of a recipient of the entire trust *res.*

In creating a trust, the settlor was not merely designating trustees as conduits through whom a gift could be made to the daughter whenever it would be to her advantage. The trust represented a plan of the settlor that included not only the beneficiary Margaret, but also remaindermen. In adding a flexible provision for the invasion of principal for the " best interest " of the beneficiary, the settlor was not injecting a facile means for destroying the trust.

By limiting the invasion of principal to those instances where it will be for the " best interest " of the beneficiary, the settlor was, in effect, restricting the power of the trustees, and imposing a duty on them to limit such invasion for such objects and purposes as, in their judgment, would be beneficial to the *cestui que trust.*

Obviously, the termination of this trust for the avowed purposes of permitting the beneficiary to make certain uses of the corpus is not a trust purpose. Benefits which may incidentally or remotely accrue to the beneficiary by use of the principal are not the benefits contemplated by the trust deed. Specific provision is made for the payment of income to the beneficiary during her natural life. This is the dominant purpose of the trust. Hand in hand with this direction is the authority to pay her " from time to time " out of the principal " so much " as the trustees in their discretion should deem to be for her best interest. In our opinion the language used contemplated an occasional invasion prompted by unusual or unanticipated needs.

There is no basis to construe this additional power to invade the principal as a power to summarily terminate the trust. To permit it would transgress the bounds of the power and in effect would constitute a rewriting of the trust by the trustees. The court is without power to sanction such action on the part of the trustees. Any invasion of principal must be related to the expressed and implied purpose of the trust. Here the proposed termination of the trust fails to meet that test.

The judgment insofar as appealed from should be reversed in accordance with this opinion and plaintiffs are directed to file an intermediate account of their proceedings as trustees.

PECK, P. J., BOTEIN, FRANK and McNALLY, JJ., concur.

Judgment, so far as appealed from, unanimously reversed in accordance with the opinion herein, and plaintiffs are directed to file an intermediate account of their proceedings as trustees. Settle order on notice.