Fuld, J.
In 1934, Margaret Buchanan executed a deed of trust, creating the trust now before us. Insofar as pertinent, it provided that, when the settlor’s daughter, Margaret Jane, reached the age of 21 years, the settlor then being dead, the trustees were to pay over to such daughter “ all of the net income annually during the rest of her life and so much of the principal sums of the trust from time to time as the Trustees may deem for [her] best interest ”. And, upon Margaret Jane’s death, the trust deed continued, the corpus was to be transferred to her issue then living and, if there were none, then, to certain other designated persons. The settlor died before the daughter became 21 and, since 1950, when she attained that age, the daughter has been receiving the income. The trustees, pointing to the provision above quoted, decided, in the best of faith and for reasons which seemed to them good and sound, that they had the power to pay the entire corpus to Margaret Jane and thereby terminate the trust. Accordingly, after obtaining her consent, they brought this action in which they seek judicial sanction for what they wish to do.
The court at Special Term believed that the trustees possessed the power to terminate the trust and rendered the judgment requested. The Appellate Division, however, took a different view and reversed, Since we agree with the conclusion reached by that court and with its rationale, we may be quite brief.
The provision, authorizing the trustees to invade so much of the principal “ from time to time as [they] may deem for the best interest ” of the life beneficiary, does not empower them to turn the entire corpus over to her under the circumstances disclosed. (Cf. Matter of Bisconti, 306 N. Y. 442.) There is here no express or implied authority to terminate the trust and, while there may conceivably be a situation where the trustees would be privileged to employ all of the principal for the daughter’s “ best interest,” the present is not such a case. *44 Nor may the rights of the remainder interests he ignored or disregarded. In short, the power to use the principal of the trust may not be enlarged into a power to terminate it.
The judgment of the Appellate Division should be affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the trust funds.