John D. Bennett, S.
In this accounting proceeding the executors and trustees request approval of the transfer of the entire corpus of the trust to the testator’s son, who is the income beneficiary of the residuary trust. The petitioners rely upon the following language in the will as authority:
“IV.
“ (b) To pay to, or apply for the use and benefit of my son, chaeles heney kbonke, at any time or from time to time during the term of the trust, such portion or portions of the principal of the trust as my Trustees may, in their sole and uncontrolled discretion, determine;
“(c) To pay to my son, chaeles heney kbonke, when he attains the age of thirty-five (35) years, the remaining principal of said trust ’ ’.
*219 In the event the son should die before arriving at age 35 leaving no issue, certain contingent remaindermen are named the recipients of the trust corpus.
The case of Matter of Ahrens (301 N. Y. 701), cited by the petitioners, is distinguishable since there the trustees were empowered to invade the principal by paying over to the son at any time the ivhole or any part thereof. There is no comparable language in the present will indicating an intention that the entire principal may be turned over to the son.
In Kemp v. Paterson (4 A D 2d 153, affd. 6 N Y 2d 40) the Appellate Division, First Department, at page 156, characterized the language “ from time to time ” as contemplating an occasional invasion. The same phrase is employed here by the testator, together with a reference to ‘ ‘ portion or portions ’ ’ eliminating any indication that the testator intended an invasion to the extent of the entire corpus.
The Court of Appeals’ comment in Kemp v. Paterson (supra, p. 44), having general application in similar cases, is worthy of repetition: “Nor may the rights of the remainder interests be ignored or disregarded. In short, the power to use the principal of the trust may not be enlarged into a power to terminate it
In this case no reasons are advanced for the proposed invasion of the entire corpus except if they be some general allegations to the effect that testator’s son is contemplating marriage and owns a restaurant business.
Under the circumstances presented, the will is accordingly construed as not authorizing the trustees to summarily terminate the trust by a complete transfer of the entire corpus to the testator’s son.