Harry G. Herman, S.
The decedent’s widow and a daughter, who are the coexecutrices and the cotrustees, ask the court to construe the decedent’s will to permit them to invade the corpus of the “ marital deduction ” trust to the extent of “ the whole or any portion of same ”. Subdivision “ (d) ” of article “ second ” of the will empowers the executrices and trustees “ To pay, or apply, such amount or amounts of the principal to her or for the use of my wife bay mandel at any time during her life, as in their discretion they may deem it advisable, and in exercising this discretion, my Executors and Trustees shall not consider her income from other sources, and shall not be held accountable by any Court or person for their exercise or non-exercise of this discretionary power.”
It would appear that the reason for the requested construction is the execution of an agreement on January 20, 1965, between the widow and her four children under which the widow agreed to make certain gifts to the four children from the corpus to be invaded on her behalf, subject to the approval of the court.
This court is of the view that the construction herein requested is not in accordance with the intention of the testator.
If the requested construction were granted, the rights of the contingent remaindermen would be cut off by trustees who would benefit personally in their individual capacities by their own actions taken in a fiduciary capacity.
Intent and purpose ‘1 must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed.” (Matter of Fabbri, 2 N Y 2d 236, 239-240, mot. for rearg. den. 2 N Y 2d 979.)
Viewing the will as a whole, it appears that it was the intention of the testator primarily to benefit his widow, and only secondarily to benefit- his children. To that end the testator created the afore-mentioned article ‘ ‘ second ” “ marital deduction ’ ’ trust of “ the portion of my estate ” which when added to interests passing to the widoAV by operation of law “ shall aggregate one-half of my adjusted gross estate as finally determined for Federal Estate purposes, but in any event not more than one-half of my net estate ’ ’, with a power to the widow to appoint the remainder by will. In default of the valid exercise of such appointment the remainder was directed to be added to the article “ thibd ” residuary trust for the widow, which on her *852 deal.h was directed to be held in further trust for llieir four children, with varying remainders in favor of the issue of the children.
It would appear that the language of subdivision “ (d) ” of article “ sbcond ” reflects a further desire of the testator to provide for his widow in cases of emergency. The corpus of the “ marital deduction ” trust (not the residuary trust, from which their children and the children’s issue were to benefit after the widow’s life estate, but the trust over which the widow had a power of appointment) could be invaded to pay to or for the use of the widow, without consideration of her income from other sources.
The foregoing evidences an intention that corpus be invaded for the benefit of and use by the widow — as the trustees may deem it advisable — and not for the use and benefit of the children, who as adults were to depend on their own resources and who were to take under the will only upon the termination of the widow’s life estate in the residuary trust.
The invasion for which court authorization is sought is not to benefit the widow nor is it dictated solely by her necessities, as was the case in Matter of Ahrens (193 Misc. 844, 849, mod. 275 App. Div. 588, modification revd. and decree of Surrogate affd. 301 N. Y. 701, mot. to amd. remittitur den. 302 N. Y. 631, 303 N. Y. 637).
Those cases, such as Matter of Martin (269 N. Y. 305) which involve the question of whether the will constitutes an absolute gift of support and maintenance, or whether the gift is of income coupled with a provision that the principal may be invaded in case of need, have no application to the case at bar. The question, rather, is whether this will authorize the fiduciaries to collapse this testamentary trust.
There is no specific power granted herein to the income beneficiary or to the trustees to revoke the trust, as in Schreyer v. Schreyer (101 App. Div. 456, affd. 182 N. Y. 555) where the rights of the remaindermen were cut off by the exercise by the trustee of such expressly granted power. The trustees are not empowered to invade the corpus by paying over “ at one time or at as many times as they shall deem ” for the best interests of the beneficiary ‘ ‘ any part or parts or all of the principal ’ ’, as in Matter of Perkins (245 N. Y. 478, 481). Nor does the income beneficiary have any power to demand all of the principal and thus to completely destroy the trust (Matter of Morse, 280 App. Div. 171, 173; Matter of Britt, 272 App. Div. 426; Matter of Hadden, 178 Misc. 939, 941-942).
*853 In Matter of Bisconti (306 N. Y. 442) the Court of Appeals reversed the courts below and upheld the authority of the executor to deliver the corpus of the residuary trust to the life beneficiary thereof, the daughter of the testatrix. There the trustees were authorized to pay to the daughter (p. 444) : “ from the principal of the trust such portion thereof as in their sole and uncontrolled discretion they may deem wise, whether because of insufficiency of income personal need or otherwise, and my said trustees shall not be held accountable to any court or to any person for the exercise or non-exercise of this completely discretionary power.” (Emphasis added.)
The gist of the decision was the cannon of ejusdem generis did not apply to the above-italicized phrase, and that the words “ or otherwise ” furnished an additional category of reasons for the invasion of principal, and represented terms of enlargement to include every conceivable situation outside those previously stated (p. 446). The above italicized phrase does not exist in the provision at bar, which limits invasions on behalf of the widow to those invasions deemed advisable, and does not comprehend, as in the Bisconti ease, an unlimited power of invasion.
The court in the Bisconti case placed no reliance on the phrase freeing the fiduciaries from accountability “ to any court or to any person for the exercise or non-exercise of this completely discretionary power ’ ’, which is similar to language in the provision at bar.
In Bisconti the phrase “insufficiency of income” furnishes a reason for the exercise by the fiduciaries of their discretion. The language herein, to the effect that the widow’s income from other sources shall not be considered, does not furnish a reason to exercise the power to invade corpus, but only shows that the widow’s needs and uses are paramount and that the power to invade on her behalf is not dependent upon insufficiency of other income.
In Kemp v. Paterson (4 A D 2d 153, affd. with opn. 6 NY 2d 40) the trustees sought a judgment authorizing the termination of the trust and the payment of the entire principal to the settlor’s daughter, Margaret, the income beneficiary, pursuant to the following provision (p. 155): “to pay over to said Margaret Jane Elizabeth Buchanan all of the net income annually during the rest of her life and so much of the principal sums of this trust from time to time as the Trustees may deem for the best interest of said Margaret Jane Elizabeth Buchanan.”
*854 The court there held that the purported exercise of power by the trustees for which the authorization of the court was sought was not in accordance with the purposes of the trust and was an unwarranted departure from the dispositive provisions of the trust instrument (p. 155).
While in Kemp v. Paterson (supra) the trustees could invade corpus “ from time to time ”, so that the power to invade could not be construed as a power to invade the whole, in Matter of Kronke (37 Misc 2d 218) Surrogate Bennett denied authority to terminate the trust summarily by a transfer of the entire corpus to the testator’s son, although the trustee could invade: ‘1 at any time or from time to time during the term of the trust, such portion or portions of the principal of the trust as my Trustees may, in their sole and uncontrolled discretion, determine”. (Emphasis added.)
The above italicized language was held to eliminate any indication that the testator intended an invasion to the extent of the entire corpus. That language, while superficially distinguishable from the wording in the instant case authorizing the fiduciaries to pay “ such amount or amounts of the principal ” to or for the use of the wife at any time during her life, reflects the same intention on the part of testator to create a trust whose trustees would not be mere conduits through whom a gift could be made to the income beneficiary if they may deem it advisable.
In Kemp v. Paterson (supra) the reason for the invasion was to benefit the children of the daughter. Here the reason is to benefit the children of the widow and the testator. Here, as in the Kemp case, whether it is advisable to invade corpus must be judged within the framework of the status bestowed upon the widow by the testator, the status of a life beneficiary, not of a recipient of the entire trust res (4 A D 2d 153, 156).
Here the testator intended to benefit first his widow and then her appointees, or in lieu thereof, his children and their issue. He did not contemplate granting permission to the executrices or to the trustees to destroy the trust if they deemed it advisable. He contemplated restricting their power “ and imposing a duty on them to limit such invasion for such objects and purposes as, in their judgment, would be beneficial to the cestui que trust ” (Kemp v. Paterson, supra, p. 156; see, also, Matter of May, 112 N. Y. S. 2d 847, 849, affd. 283 App. Div. 786). He intended his children to share in the estate at the time set forth in article “ third ” of the will, not earlier.
Accordingly, the eoiirt determines that there is no power to invade the corpus of the article “ second ” trust to the extent *855 of “ the whole or any portion of same ”, and that in exercising their discretionary power of invasion the executrices and trustees are to be guided by the principles discussed in this opinion and decision.
The court declines to approve any allocation of assets between the article “second” and article “third” trusts in this proceeding. Such matter should be determined in the pending accounting proceeding.