Dorothy Jordan **LOYD**, Executrix of Estate of Margaret M. Meador, Deceased, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. No. 69–177.

United States District Court,
W. D. Tennessee, W. D.

Aug. 26, 1970.

John J. Howard, Jr., Threlkeld & Howard, Memphis, Tenn., for plaintiff.

Thos. F. Turley, Jr., U. S. Atty., Memphis, Tenn., Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., Myron C. Baum, Fleming T. DeGraffenried,

**238**

Attys. Dept. of Justice, Washington, D. C., for defendant.

## OPINION

ROBERT M. McRAE, Jr., District Judge.

In this case the plaintiff sues for a partial refund of estate tax based upon the disallowance by the Commissioner of Internal Revenue of a deduction taken by the plaintiff in the amount of the value of a charitable remainder interest in a trust, which remainder interest was subject to a life interest with a power of encroachment in favor of an individual beneficiary. The matter was presented to the Court on a motion of the defendant for a judgment on the pleadings.

The defendant contends that the deduction was properly disallowed because a charitable remainder interest established by the will of plaintiff's testatrix did not meet the standards of 26 U.S.C. § 2055 and regulations applicable thereto. The defendant relies particularly upon the Treasury Regulation which provides, in part, as follows:

§ 20.2055–2 *Transfers not exclusively for charitable purposes.*

(a) *Remainders and similar interests.* If a trust is created or property is transferred for both a charitable and a private purpose, deduction may be taken of the value of the charitable beneficial interest only insofar as that interest is presently ascertainable, and hence severable from the noncharitable interest. * * *

(b) *Transfers subject to a condition or a power.* * * * If the legatee, devisee, donee, or trustee is empowered to divert the property or fund, in whole or in part, to a use or purpose which would have rendered it, to the extent that it is subject to such power, not deductible had it been directly so bequeathed, devised, or given by the decedent, the deduction will be limited to that portion, if any, of the property or fund which is exempt from an exercise of the power. * *

The pertinent provisions of the testamentary trust incorporated in the will of the testatrix, which is attached to the complaint, are as follows:

"It is my intention that my said niece be adequately supported and maintained at all times during her life and, accordingly, the trustee shall have the right, exercisable solely in its judgment and discretion, to encroach upon the corpus of the trust estate whenever and to the extent it deems necessary, desirable or proper for her maintenance, support, welfare, enjoyment and pleasure and in reaching such determination the trustee shall be generous and liberal, but shall inquire into and consider any other source or sources of income which my said niece may have at the time."

Therefore, the question before the Court is whether the charitable beneficiary interest was *presently ascertainable* at the time of the death of the testatrix. This is a question to be determined from the terms of the will which established the charitable interest. United States v. Commercial National Bank of Kansas City, 404 F.2d 927 (C.A. 10, 1968), cert. denied 393 U.S. 1000, 89 S.Ct. 487, 21 L.Ed.2d 465 (1968); Salisbury v. United States, 377 F.2d 700 (C.A. 2, 1967).

In the determination of whether or not a charitable remainder interest is presently ascertainable, the wording of the instrument which establishes the interest must provide for objective criteria. Provisions which direct the trustee to encroach in favor of a life beneficiary for the "support", "maintenance" and "welfare" have been considered to be sufficiently objective and, therefore, presently ascertainable. Based upon the authority of Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647 (1929) a remainder interest is presently ascertainable when the encroachment power is determined by the standard of living of the beneficiary as of the death of the testatrix. Henslee v. Union Planters

Bank, 335 U.S. 595, 69 S.Ct. 290, 93 L. Ed. 259 (1948); Salisbury v. United States, *supra*.

In Merchants National Bank of Boston v. Commissioner of Internal Revenue, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35 (1943) the Supreme Court of the United States upheld the disallowance of a charitable remainder deduction wherein the will authorized the trustee to invade the corpus for "the comfort, support, maintenance and/or happiness" of the widow and further directed that the trustee exercise its discretion with liberality towards the widow by considering her "welfare, comfort and happiness prior to claims of the residuary beneficiaries."

In the instant case the testatrix initially expressed the "intention that my said niece be adequately supported and maintained at all times during her life." However, the trustee is directed to encroach upon the corpus "to the extent it deems necessary, desirable or proper for her maintenance, support, welfare, enjoyment and pleasure." The trustee is further directed "in reaching such determination" to be "generous and liberal." The entire provision concludes with a provision that the trustee "shall inquire into and consider any other source or sources of income which my said niece may have."

Because the provision authorizes the encroachment "for the enjoyment and pleasure" of the niece and because the trustee is directed to be "generous and liberal", this Court is of the opinion that the charitable interest does not meet presently ascertainable standards required by the law and regulations. The fact that the concluding clause which directs the trustee to "inquire into and consider" other sources of income does not overcome the subjective provisions for pleasure and liberality. In United States v. Commercial National Bank of Kansas City, *supra*, the Court of Appeals for the Tenth Circuit approved the disallowance of a charitable remainder deduction which included a provision for "comfort, welfare, content-ment and happiness" of the beneficiary "in order that she may continue to live in the manner in which she has been accustomed to live."

Counsel for the plaintiff contend that a question of fact is presented by the pleadings; therefore, a judgment on the pleadings in favor of the defendant should not be granted. When this Court determines that the provisions of the instrument creating a charitable beneficial interest do not meet the presently ascertainable standard, there is no question of fact to be determined. Other parts of Treasury Regulation 26–2055–2(b) which pertain to the remoteness of the invasion of the corpus and which could involve questions of fact, come into play only when the instrument creating the remainder interest establishes a presently ascertainable standard. United States v. Commercial National Bank of Kansas City, *supra*; Salisbury v. United States, *supra*.

For the reasons set forth above, the Court concludes that the defendant is entitled to a judgment on the pleadings. Judgment will be entered to that effect.