**NATIONAL BANK OF COMMERCE OF SAN ANTONIO, Independent Executor of the Estate of Ralph E. Cadwallader, Deceased,**

v.

**UNITED STATES of America.**

**No. SA 72 CA 295.**

United States District Court,
W. D. Texas,
San Antonio Division.

Sept. 21, 1973.

Brice A. Tondre, Cox, Smith, Smith, Hale & Guenther, San Antonio, Tex., for plaintiff.

William S. Sessions, U. S. Atty., San Antonio, Tex., and Lawrence R. Jones, Jr., Atty., Tax Div., Dept. of Justice, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

SUTTLE, District Judge.

This cause is before the Court on defendant's motion for summary judgment and plaintiff's motion for partial summary judgment. After considering the pleadings, the briefs, and the oral arguments, this Court grants defendant's motion and denies that of plaintiffs.

Although findings of fact and conclusions of law are "unnecessary on decisions of motions under Rules 12 or 56," 52 F.R.Civ.P., nevertheless, the Fifth Circuit welcomes enunciation of the reasons supporting Rule 56 decisions. Central of Georgia Railway Co. v. Riegel Textile Corp., 477 F.2d 1303 (5th Cir. 1973), Homer Montgomery v. Otis Elevator Co., 472 F.2d 243 (5th Cir. 1973). Thus, to facilitate appellate review, the basis for the Court's action is set out in this Memorandum Opinion.

The action at bar was brought by the executor of the Estate of Ralph Cadwallader for a refund of Federal Estate Taxes and assessed interest. The facts are not in dispute. Mr. Caldwallader died leaving the residue of his sizeable estate in a split interest testamentary trust (life estate to wife, remainder to charity: The Baptist Foundation of Texas). The instrument provides that the trustee may invade corpus "for the benefit of [decedent's wife] . . . ." On the Federal Estate Tax Return, the executor took a charitable deduction of $339,281.91, allegedly the value of the remainder interest vesting in the Baptist Foundation on decedent's death. The Commissioner of Internal Revenue, disallowing the deduction, ruled that there was a deficiency in the reported Federal Estate Tax and assessed the estate an additional $119,180.14, which included interest of $16,257.54.

Merchant's National Bank v. Commissioner, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35 (1943), establishes the law to be applied to these facts. In *Merchant's National Bank*, the Supreme Court held:

> [When] a trust is created for both charitable and private purposes the charitable bequest, to be deductible, must have, at the testator's death, a value "presently ascertainable, and hence severable from the interest in favor of the private use . . . ."

> Only where the conditions on which the extent of invasion of the corpus depends *are fixed by reference to some readily ascertainable and reliably predictable facts* do the amount which will be diverted from the charity and the present value of the bequest become adequately measurable . . .

Id. at 260–261, 64 S.Ct. at 111 (emphasis added) (footnotes omitted). The current Treasury Regulations, which codify Supreme Court precedent, are designed to insure that the charity will receive an amount commensurate with the deduction taken. The Florida Bank at Lakeland v. United States, 443 F.2d 467, 469 (5th Cir. 1971), First National Bank In Palm Beach v. United States, 443 F.2d 480, 481 (5th Cir. 1971) cert. denied 404 U.S. 983, 92 S.Ct. 445, 30 L.Ed.2d 367 (1971). The Regulations provide that when a trustee is empowered to invade corpus:

> . . . the deduction will be limited to that portion, if any, of the

property or fund which is exempt from an exercise of the power. The deduction is not allowed in the case of a transfer in trust conveying to charity a present interest in income if by reason of all the conditions and circumstances surrounding the transfer it appears that the charity may not receive the beneficial enjoyment of the interest. . . .

26 C.F.R. § 20.2055–2(b).

Relying on these authorities, defendant argues that the deduction was properly disallowed because the instrument, which permits invasion of principal for the "benefit" of the life tenant at the "discretion" of the trustee, does not govern the invasionary power by an ascertainable standard and thus there is no assurance that the charity will receive a bequest commensurate with the amount of the deduction granted.

Plaintiff, on the other hand, argues that the requisite standard is extant. Three arguments are advanced: i) either an ascertainable standard can be gleaned from the instrument or ii) an ascertainable standard becomes apparent when Texas law, which limits the trustee's exercise of discretion, is considered in conjunction with the instrument, or finally, iii) an ascertainable standard can be demonstrated through the introduction of extrinsic evidence of testamentary intent.

■ Plaintiff's first contention raises the broad issue of whether the trustee's power to expend principal on testator's wife is governed by an ascertainable standard. The second and third contentions necessitate a determination of whether the fiduciary duties imposed by state (Texas) law will restrict the trustee's exercise of discretion and thus establish the standard. Since these issues may be settled as a matter of law, this cause is proper for summary judgment treatment. Seubert v. Shaughnessy, 233 F.2d 134 (2d Cir. 1956), Peoples Trust Company of Bergen County v. United States, 444 F.2d 193 (3d Cir. 1971),

Loyd v. United States, 319 F.Supp. 237 (W.D.Tenn.1970) aff'd 443 F.2d 1179 (6th Cir. 1971).

Considering plaintiff's contentions in order, the Court begins the search for an ascertainable standard with the trust instrument. It provides only one express standard, i. e. "benefit [of decedent's wife]." This standard "is so loose that the trustee is in effect uncontrolled." Old Colony Trust Co. v. United States, 423 F.2d 601, 604 (1st Cir. 1970), Newton Trust Co. v. Commissioner, 160 F.2d 175 (1st Cir. 1947). Plaintiff practically concedes this by noting that "[i]t cannot be seriously argued that 'benefit' is a word with a singular technical meaning." Plaintiff also states that while portions of "the will give the trustee some insight to the testator's intention, they are by no means completely *definitive*." [1]

■ Rather than rely solely on the instrument, plaintiff raises its second contention and argues that the trustee's discretion will be limited by the Texas courts and thus the amount vesting in the charity is ascertainable. Reliance is placed on a generally accepted trust principle:

> [A] trustee is bound in the absence of instructions to the contrary to administer the trust with an eye to the remainder interest as well as to the interest of the life tenant, and he cannot slight one interest for the benefit of the other.

Brown v. Scherck, 393 S.W.2d 172, 181 (Civ.App.Tex.1965) citing 90 C.J.S. Trusts § 247 at 235 (1955).

■ Plaintiff's reliance is misplaced; this statement of Hornbook law is not applicable to the case at bar. The reason being that the trust instrument in question empowers the trustee to invade corpus and the grant of an invasionary power renders the rule inoperative. *Cf.* First National Bank in Palm Beach v. United States, 443 F.2d 480, 484 (5th Cir. 1971), cert. denied, 404 U.S. 983,

---

1. Plaintiff's brief in response to defendant's motion for summary judgment at 7–8.

92 S.Ct. 445, 30 L.Ed.2d 367 (1971), which notes:

> [W]hen extraordinary powers of this kind [2] are given to the fiduciary they are intended to modify the general rule with respect to the obligations [of] a fiduciary to deal with an even hand with respect to the life tenant as against the remainderman . . .

Even if the "balancing rule" is applicable it would not control. When a trustee's discretion is involved, Texas has a strong hands-off policy; in absence of fraud, misconduct or clear abuse of discretion [3] Texas courts will not interfere with a trustee's exercise of discretion. Coffee v. William Rice University, 408 S.W.2d 269, 284 (Civ.App. Tex.1966) writ ref'd n. r. e. Thus, under Texas law, the possibility exists that significant benefits could be applied to the wife at the expense of the charitable remainder. This possibility renders impossible the valuation of the interest that will pass to the Baptist Foundation upon the life tenant's death. First National Bank in Palm Beach v. United States, 443 F.2d 480, 485 (5th Cir. 1971) cert. denied, 404 U.S. 983, 92 S.Ct. 445, 30 L.Ed.2d 367 (1971).

As a third alternative, plaintiff urges consideration of extrinsic evidence. Decedent's former secretary has signed an affidavit indicating that the testator intended the discretionary power of invasion to be a hedge protecting testator's wife from adverse effects of inflation and insuring the maintenance of her current standard of living.

If the trustee is limited to expending corpus for maintaining Mrs. Cadwallader in her present standard of living, then he is governed by an ascertainable standard and the estate is entitled to the deduction. Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647 (1929). The ultimate issue therefore is whether the Texas courts would limit the trustee's exercise of discretion to within the standard proposed by plaintiff. Estate of Stewart v. Commissioner, 436 F.2d 1281, 1286 (3d Cir. 1971), cert. denied 404 U.S. 828, 92 S.Ct. 64, 30 L.Ed.2d 57 (1971), see The Florida Bank at Lakeland v. United States, 443 F.2d 467 (5th Cir. 1971), Miami Beach First National Bank v. United States, 443 F.2d 475 (5th Cir. 1971), cert. denied 404 U.S. 984, 92 S.Ct. 447, 30 L.Ed.2d 367 (1971), First National Bank in Palm Beach v. United States, 443 F.2d 480 (5th Cir. 1971) cert. denied 404 U.S. 983, 92 S.Ct. 445, 30 L.Ed. 2d 367 (1971). The Texas evidentiary practice pertaining to the admissibility of extrinsic evidence when the terms of an *un*ambiguous [4] testamentary instrument are in issue will be dispositive.

In construing the terms of an unambiguous testamentary instrument, Texas courts may consider extrinsic evidence,[5] but only for the limited purpose of determining "the sense in which the words were used by the testator." Stewart v. Selder, 473 S.W.2d 3, 7 (Sup.Ct. Tex.1971). Thus, *"statements of subjective intent . . . dealing with the subject of the specific document are ordinarily not admissible."* Cutrer v. Cutrer, 162 Tex. 166, 345 S.W.2d 513, 519 (Sup.Ct.Tex.1961) (emphasis added).

Accordingly, plaintiff would not be allowed to introduce evidence indicating that when testator empowered the trustee to invade corpus, for the benefit of Mrs. Cadwallader, testator intended to limit the scope of the trustee's discretion by sanctioning only those expenditures necessary to maintain her current standard of living. This evidence, rather than demonstrating the sense of the words, would change the legal import of the language used in the

---

2. The power to allocate between interest and corpus (footnote supplied by this Court).

3. State v. Rubion, 158 Tex. 43, 308 S.W.2d 4, 9 (1957) [Arbitrary refusal to support beneficiary in hospital].

4. It was argued that the terms are latently ambiguous. This is incorrect; while the terms "benefit" and "discretion" are broad, they are in no way ambiguous.

5. *Contra*, State v. Rubion, 158 Tex. 43, 308 S.W.2d 4 (1957).

instrument. Nunn v. Titche Goettinger Co., 196 S.W. 890, 893 (Civ.App.Tex. 1917) aff'd 245 S.W. 421 (adopted by Sup.Ct.Tex.1922) [Court refused to hear evidence of testator's declaration of intent to create a spendthrift trust when the instrument was silent].

Since Texas courts would not require the trustee to act in accordance with the alleged manifestations of intent, he:

> could in the best of faith in carrying out recognized fiduciary principles invade corpus . . . to a material extent which, though not measurable, would make impossible the valuation in dollar amounts of the remainder interest that would be left to go to the named charit[y].

First National Bank in Palm Beach v. United States, 443 F.2d 480, 485 (5th Cir. 1971), cert. denied, 404 U.S. 983, 92 S.Ct. 445, 30 L.Ed.2d 367 (1971). Thus the deduction must fail.

For the reasons stated, the Court finds that the amount vesting to the charity is unascertainable as a matter of law. Accordingly, defendant's motion for a summary judgment is granted and plaintiff's motion is denied.

It is so ordered.