374 F.Supp. 1321 (1974)
In re ESTATE of Harry B. McCOY, Jr., Deceased.
Norfleet R. TURNER and Frank Wilbourn, Jr., Executors, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. C-71-419.
United States District Court, W. D. Tennessee, W. D.
February 14, 1974.
*1322 Walter P. Armstrong, Jr., Memphis, Tenn., for plaintiff.
Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., for defendant.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND JUDGMENT FOR PLAINTIFF
ROBERT M. McRAE, Jr., District Judge.
This cause came on to be heard upon the Complaint heretofore filed for the recovery of Federal Estate Taxes heretofore paid by plaintiff in the amount of $108,708.18 alleged to have been erroneously assessed and illegally collected, together with interest thereon and costs, and upon the answer thereto heretofore filed, and upon requests for admissions heretofore propounded by defendant to plaintiff and plaintiff's answer thereto, and upon the affidavits of William C. Wilson and Will Townsell dated October 19, 1972, September 18, 1973 and December 6, 1973, and upon the motions of both plaintiff and defendant heretofore filed, and upon the entire record in the cause;
From all of which the Court, after considering the briefs and memoranda of law filed by both parties and hearing oral argument by counsel for both parties in open court, finds that this Court has jurisdiction of this cause, that there is no real disputed issue of material fact in the cause, and that this case is therefore appropriate and proper for disposition upon said motions;
The Court further finds upon the undisputed facts that the Federal Estate taxes in the amount set forth above represent the taxes on that portion of decedent's estate passing under the following provisions of his Will, less the present value of the life estates:
"DISPOSITIVE PROVISIONS  The entire residue of my estate I devise and bequeath to my trustee hereinafter named for the following purposes:
A. During their lifetime, the trustee shall pay to the following persons in monthly installments the following sums:
1. Provided he has been in my employ within two months prior to my death, Will Townsell shall receive Four Hundred ($400.00) Dollars per month.
2. Ruth Smythe Graham shall receive Four Hundred ($400.00) Dollars per month.
3. Sarah Ball Jones shall receive Two Hundred ($200.00) Dollars per month.

*1323 Each bequest is contingent upon the recipient surviving me, and at the death of each recipient his or her monthly payment shall cease and shall be added to the income to be distributed in Paragraph B following.
In the event of extreme need by Will Townsell for additional funds, for health reasons or otherwise, the trustee in its sole discretion may encroach upon as much of the principal as it deems necessary for this purpose and shall pay to or apply directly for his benefit.
B. It is my desire that this trust be known as the McCoy Foundation, established in memory of Mr. and Mrs. Harry B. McCoy. It is to be established for the promotion and furthering of cultural development in the Memphis area. Not limiting my trustee in any way, but for the purpose only of conveying my preference, it is my hope that primary interest will be focused upon developments in the theatre."
Said Will further provides for the termination of the Trust, or any share thereof, under the following circumstances:
"OPTIONAL TERMINATION OF TRUST  Notwithstanding any other provisions hereof, trustee may, in its sole discretion, at any time terminate this trust, or any share thereof, if the amount thereof does not warrant the cost of continuing said trust, or its administration would otherwise be impractical. Upon such termination, Trustee shall pay the principal and any accumulated or undistributed income to the person or persons entitled at that time to the income therefrom in the proportions in which they were then entitled to receive the income, and upon such termination the rights of all other persons who might otherwise have an interest as succeeding life tenant or in remainder shall cease. The trustee shall have the right to distribute any remaining sums to whatsoever of those non-profit cultural institutions he deems advisable."
A suit was filed by plaintiff in the Chancery Court of Shelby County, Tennessee for the construction of these portions of the Will, in which a decree was entered ordering the trust created thereby to be administered in accordance therewith under the control and direction of that Court, and holding that "as so implemented, the trust created by said Will is (with the exception of the value of the life estates) a valid charitable trust within the meaning of the laws of Tennessee, defining a charitable trust, and is not void for vagueness and uncertainty." The Court recognizes, however, that it is not bound by this decree.
The Court recognizes also that events occurring after the death of the testator cannot form a basis for any finding in this case. It does find, however, that at the time of his death with all of the life beneficiaries surviving, decedent had sufficient assets to pay all of his just debts, the cost of administration of his estate including all taxes, all other bequests under his Will, the corpus necessary to provide income for the payment of the monthly benefits called for by the life estates provided for in the Will, and substantial additional assets to form the corpus of a trust to be used for the purpose set forth in paragraph B of the third section of the Will as quoted above.
The Court finds that those purposes as established by the quoted language come within the exemption created by Section 2055(a)(2) of the Internal Revenue Code of 1954, and that therefore the trust created thereby is a charitable (or, more accurately an educational) trust within the meaning of that statute and not subject to Federal Estate taxes. The use of the word "foundation" and the reference in the termination clause to "non-profit cultural institutions" are particularly indicative, although the language as a whole, however inept, clearly evidences the testator's intent to create such a trust.
*1324 The Court further finds that the power to encroach given to the trustee "in the event of extreme need by Will Townsell for additional funds, for health reasons or otherwise" does not defeat this charitable exemption, as "extreme need" is an ascertainable standard. These words modify and therefore limit the words "for health reasons or otherwise"; the trustee must make an objective finding of extreme need, from whatever cause, before he can encroach. This presents an entirely different situation, for example, from Loyd v. United States, 319 F.Supp. 237 (W.D.Tenn. 1970) aff'd. 443 F.2d 1179 (C.A. 6, 1971), where the trustee was authorized to encroach "whenever and to the extent it deems necessary or proper for her maintenance, support, welfare, enjoyment and pleasure and in reaching such determination the trustee shall be generous and liberal." The standard of "need" has been held to be an ascertainable standard; much more so is "extreme need." Lincoln Rochester Trust Co. v. McGowan, 217 F.2d 287 (C.A. 2, 1954).
A similar situation exists in regard to the termination provision quoted above. The trustee cannot terminate the trust at will, but only "if the amount thereof does not warrant the cost of continuing said trust, or its administration would otherwise be impractical." This, too, is an ascertainable standard, requiring an objective finding on the part of the trustee. So long as there are substantial funds in the trust and its administration is practical, the testator's purpose must be carried out. And upon termination, the remaining assets go to "non-profit cultural institutions," the trustee being given only the right to determine which of these institutions shall benefit. The Court accordingly finds that this provision does not defeat the charitable nature of the trust or its exemption from Federal Estate taxes.
By so holding, the Court finds that the intent of the testator is being carried out, which is the basic rule of will construction. Smith v. Bell, 31 U.S. 68, 8 L.Ed. 322 (1832). It also finds that by so holding the congressional intent to prefer charity gifts to estate taxes is being implemented. Norris v. Commissioner of Internal Revenue, 134 F.2d 796 (C.A. 7, 1943).
It is therefore ordered, adjudged and decreed:
1. That Defendant's motion for summary judgment be, and it hereby is, overruled.
2. That plaintiff's motion for summary judgment be, and it hereby is, sustained.
3. That upon such motion judgment is hereby entered for plaintiff in the amount of $122,605.71 (consisting of $107,502.36 tax and $15,103.35 interest assessed) with statutory interest at the legal rate thereon from July 10, 1970 together with his cost in this cause for which let execution issue.