ESTATE OF EMANUEL KLEIN, Deceased, ISIDOR P. RUTH, Executor, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Klein v. Commissioner
Docket No. 3326-73.
United States Tax Court
T.C. Memo 1975-259; 1975 Tax Ct. Memo LEXIS 112; 34 T.C.M. (CCH) 1113; T.C.M. (RIA) 750259; August 11, 1975. Filed Abraham I. Kirschenbaum, for the petitioner. Russell F. Kurdys, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $10,153.72 in the Federal estate tax of the estate of Emanuel Klein. At issue is whether section 2055[1] permits any deduction with respect to certain charitable remainder interests in a trust established under decedent's will, where the trust principal is subject to invasion for the benefit of an income beneficiary. This case was submitted under Rule 122, Tax Court Rules of Practice *113 and Procedure. The facts are found as stipulated and will be summarized herein as necessary for a full understanding of our conclusion. Isidor P. Ruth is the executor under the will of Emanuel Klein. He resided in Brooklyn, New York, at the time the petition was filed. Decedent died on February 7, 1971, a resident and domiciliary of New York State. Decedent's last will and testament was executed on September 29, 1969, and was not republished by codicil or otherwise after October 9, 1969. The will was admitted to probate on February 23, 1971, and letters testamentary were granted on February 24, 1971. The Federal estate tax return was filed on November 3, 1971. The decedent's will is set out in numbered paragraphs, with this preamble: Before enumerating the provisions of this Will, I wish to make a few things crystal clear to all those who are beneficiaries under this Will and to those who are not. First, no person named as a legatee is entitled as a matter of right to any bounty whatsoever. Those few people who have done things for me have been more than amply repaid during my lifetime. Secondly, the considerations that determined the various bequests herein were not the same *114 in all cases. Love and affection was present in every case, but need was of even greater consideration. I have given a great deal of thought and have pondered for a long time before arriving at the provisions which follow: The will makes numerous outright bequests of money and personal effects and establishes four trusts. The paragraph with which we are principally concerned is the following: NINTH: TRUST A. - I hereby give and bequeath to my said Trustee the sum of One Hundred Thousand * * * Dollars in the form of cash and securities, * * * in trust, nevertheless, for the following uses and purposes, during the lives of my dear sister ANNA KLEIN, and my dear sister-in-law RAE KLEIN, to hold and manage the same and invest and reinvest the same during the lifetimes of said two named persons; to collect the income and profits thereof, and to pay the net income and profits thereof, in quarter-annual installments, computed from the date of my death, as follows: (1) To my said sister and sister-in-law, in equal parts during their lifetimes. (2) Upon the death of either my said sister or said sister-in-law, to the survivor during her lifetime. I hereby expressly authorize *115 and empower my said Trustee, in his sole and uncontrolled discretion, and notwithstanding that my said sister shall have other assets or income, to invade the principal of said trust estate for the benefit of my said sister, ANNA KLEIN, only, during her lifetime, from time to time, and to advance, pay and/or apply from said principal, or the proceeds of such invasion, for her benefit only, such sum or sums of money as my said Trustee may determine. The word "benefit" as used in this Will shall receive and be deemed to require the broadest definition and construction thereof. So far as legally possible, I hereby release and discharge my said Trustee of all claims and demands resulting from such invasion of principal, in his discretion, and the application, advancement and payment thereof for the benefit of my said sister, which release shall bind all beneficiaries of said trust and the remaindermen thereof. Upon the death of the last of said two named persons, I hereby give and bequeath the remaining principal of said trust, and any undistributed income thereof, in equal parts to: [four named charities, including three homes for the aged.] In the event that either or both of *116 the two named persons shall apply for admission to any or all of the Homes mentioned * * * above, and such person or persons shall be denied room, board and medical attention without further compensation for the remainder of the life or lives of the (applicants), then the bequest to such Home or Homes shall become null and void, and the principal shall then be divided equally among the remaining remaindermen of this Trust. Other paragraphs establish Trusts B and D, of which the income beneficiaries and remaindermen are all individual relatives of decedent, and Trust C, of which a friend of decedent is income beneficiary and three charities are remaindermen. None of these trusts is subject to invasion of principal for any purpose. Anna Klein is decedent's sister. She was 74 years of age at the time of his death. She has never been married and has no dependents. She worked for many years as a clerk in the Bronx County Register's Office, until her retirement in 1947. She pays all her living expenses from her pension, Social Security payments, interest on savings, and dividends. She has lived frugally all her life and has occupied the same two room apartment for 30 years. She pays *117 $69 monthly rental and has no intention of moving. She has never owned a car, does not entertain, and purchases only a modest amount of clothing and personal effects. Anna Klein received the following amounts by virtue of her brother's death (in addition to her interest in Trust A): Cash bequest
$15,000
Savings bank
Totten trust
8,758
Life insurance
proceeds
5,000
Total
$28,758 She has received an average of $2,100 annually as a 50-percent income beneficiary of Trust A. Should Rae Klein, the other income beneficiary, predecease her, she would thereafter receive the entire trust income. Rae Klein is presently 81 years of age. Anna Klein has been and continues to be in good health. If her health should fail, she can avail herself of the option of living in any one of the three homes mentioned in the will of decedent. Her style of living has not changed since her brother's death. She has never requested that any of the principal of Trust A be distributed to her and does not foresee any possibility of doing so in the future. In section 2055, Congress provided a deduction in computing the taxable estate for the value of bequests, inter alia, to or for the *118 use of charitable organizations. [2] For the purposes of this case, a remainder interest to charity following a noncharitable life estate is a qualifying bequest provided it has an ascertainable value. [3] Section 20.2055-2, Estate Tax Regs. *119 Where the remainder interest in a trust is subject to depletion through a power of invasion, that interest has been held to have ascertainable value only if two conditions are met. First, it must appear that the discretion of the person having the power to invade is circumscribed by an objective standard limiting the circumstances under which it may be exercised; and second, the possibility of such circumstances arising must be shown to be so remote as to be negligible. Henslee v. Union Planters National Bank & Trust Co.,335 U.S. 595 (1949) (per curiam); Merchants National Bank v. Commissioner,320 U.S. 256 (1943); Ithaca Trust Co. v. United States,279 U.S. 151 (1929); Newton Trust Co. v. Commissioner,160 F.2d 175 (1st Cir. 1947) affg. Estate of Nathan P. Cutler, Jr.,5 T.C. 1304 (1945); Estate of Russell Harrison Varian,47 T.C. 34, 48 (1966), affd. per curiam 396 F.2d 753 (9th Cir. 1968). Cf. Estate of Fred A. Cutter,62 T.C. 351 (1974); Estate of Abraham L. Buckwalter,46 T.C. 805 (1966). *120 [4]
The will grants the trustee of *121 Trust A sole discretion to invade principal "for the benefit" of Anna Klein, at any time during her lifetime. Not content with the apparent breadth of that language, the testator added the direction that "[the] word 'benefit' * * * shall receive and be deemed to require the broadest definition and construction thereof" and that the power of invasion could be exercised "notwithstanding that my said sister shall have other assets or income." Such language negates any possible inference, drawn from the will's preamble or from the condition placed on some of the charitable bequests, that the power to invade was to be exercised only to provide for the "need" or the "room, board and medical attention" of the income beneficiary. While the meaning of a particular form of words in an instrument is ordinarily to be determined from the instrument itself and not by reference to prior judicial construction of similar language in other cases, we believe that the effect of this provision in the will was to incorporate relevant New York decisions [5] by reference. Under New York law a power to invade for *122 the "benefit" of a life tenant is not limited in purpose, as is a power to invade for support, necessities, or the like. In re McNeel's Trust,54 Misc. 2d 243, 282 N.Y.S. 2d 103 (Sup. Ct. 1967); In re Rachlin's Will,133 N.Y.S. 2d 151 (Surr. Ct. 1954). See Salisbury v. United States,377 F.2d 700, 707 (2d Cir. 1967); Estate of Arthur J. O'Connor,54 T.C. 969, 975 (1970). For aught that appears, the trustee could, without reference to any actual need of Anna Klein, pay the entire trust principal to her at any time, if he honestly believed such an action would be to her benefit. In re Rachlin's Will,supra.[6]
We conclude that the decedent's will herein did not satisfy the objective standard requirement. Zentmayer's Estate v. Commissioner,336 F.2d 488 (3d Cir. 1964) affg. T.C. Memo. 1963-197; Newton Trust Co. v. Commissioner,supra; *123 National Bank of Com. of San Antonio v. United States,369 F. Supp. 990 (W.D. Tex. 1973). Cf. Estate of Fred A. Cutter,supra;Dorothy Stuit,54 T.C. 580 (1970), affd. 452 F.2d 190 (7th Cir. 1971). We are also of the opinion that, even if such standard were found to exist, we would be unable to conclude that the second requirement had been met, namely, that the possibility of invasion of principal for the benefit of Anna Klein was so remote as to be negligible. While it is true that, on the basis of the stipulated facts, the income available to Anna Klein was more than sufficient to enable her to live according to her usual frugal standard, we have no way of determining the potentiality for expenditure of substantial sums for medical expenses or other financial needs. Cf. Estate of Russell Harrison Varian,supra,47 T.C. at 48-50; Estate of Abraham L. Buckwalter,46 T.C. at 819-821. We have carefully examined the cases relied upon by petitioner and find them all clearly distinguishable on their facts. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, statutory references are to the Internal Revenue Code of 1954, as amended and in effect with respect to the estate of this decedent.↩
2. Respondent makes no claim that the charitable character of the remainder interest is affected by the condition of forfeiture relating to the nonadmission of decedent's sister or sister-in-law by the recipient homes for the aged. Compare Sedam v. United States,518 F.2d 242 (7th Cir. 1975, 36 AFTR 2d 75-5217, 1975-2 USTC par. 9562); Wardwell's Estate v. Commissioner,301 F. 2d 632 (8th Cir. 1962), revg. 35 T.C. 443 (1960). Nor has he argued that the existence of such condition precludes the finding of ascertainable value. Compare Estate of Abraham L. Buckwalter,46 T.C. 805, 817-818↩ (1966). 3. The instant bequest would not satisfy the more stringent requirements of section 2055(e)↩, as amended by the Tax Reform Act of 1969, Pub. L. 91-172, section 201(d)(1), 83 Stat. 560. By section 201(g)(4) of that Act, the amendment is not applicable to this decedent's estate. 83 Stat. 565; see section 20.2055-2(e)(3)(i)(a), Estate Tax Regs.
4. Commissioner v. Robertson's Estate,141 F.2d 855 (4th Cir. 1944), affg. a Memorandum Opinion of this Court, which petitioner cites, appears to have drawn a more liberal standard from earlier cases. The Court of Appeals therein, citing Dobson v. Commissioner,320 U.S. 489 (1943), relied heavily on the findings of fact articulated in the opinion of this Court issued prior to the Supreme Court decision in Merchants Nat. Bank v. Commissioner,320 U.S. 256 (1943). To the extent that Robertson's Estate may be read as dispensing with the requirement that an objective standard be ascertainable on the face of the gift, it is in conflict with the later decisions of this Court and of the Second Circuit. See Seubert v. Shaughnessy,233 F.2d 134 (2d Cir. 1956); Estate of Fred A. Cutter,62 T.C. 351 (1974). See also Salisbury v. United States,377 F.2d 700, 705, n. 7 (2d Cir. 1967). Indeed, this Court has read Robertson's Estate as requiring the presence of such a standard. See Hugh McK. Jones,29 T.C. 200, 212↩ (1957).
5. The will directed that it be construed under New York law. ↩
6. Or from time to time; cf. Kemp v. Paterson,6 N.Y. 2d 40, 159 N.E. 2d 661 (1959), affg. 4 App. Div. 2d 153, 163 N.Y.S. 2d 245↩ (1st Dept. 1957).